WOOTEN et al. v. ODELL. (No. 8670.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 6, 1917.)

1. EXECUTION ⚙︎172(1) — INJUNCTION.— RETURN TO OTHER COURT — AUTHORITY OF JUDGE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, providing that no district judge may grant injunction returnable to any other court, with an exception in case of injunction by a nonresident judge to stay execution, on proof that it is impracticable for applicant to reach resident judge and procure timely action, affidavit attached to petition to enjoin sale of certain realty under an execution, reciting that resident judge was inaccessible, and that plaintiff had been unable to locate him, and that property would be sold unless injunction immediately issue, was prima facie sufficient to authorize nonresident judge, on hearing, to order issuance of writ.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–521; Dec. Dig. ⚙︎172(1).]

2. EXECUTION ⚙︎172(4)—INJUNCTION—PETITION.

Allegations in petition to enjoin sale of realty under execution that statutory notice of levy and proposed sale had not been given, so that plaintiff could make no arrangements to bid in the property and avoid a sacrifice, filed on day set for sale, and that plaintiff first learned of the proposed sale late in the afternoon of day preceding sale, were good as against a general demurrer.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 525–532; Dec. Dig. ⚙︎172(4).]

3. COSTS ⚙︎49—TRIAL COURT—PLEADINGS.

Where petition to enjoin sale of realty under execution presented a good cause of action, at least as against a general demurrer, the costs of the trial court should be adjudged, on appeal, against defendants in that court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 211–215, 217; Dec. Dig. ⚙︎49.]

4. EXECUTION ⚙︎172(1)—INJUNCTION—SCOPE OF ORDER.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, authorizing nonresident district judge to issue injunction to stay execution when resident judge is not accessible, order of nonresident district judge, making injunction issued

by him effective until modified or vacated by further order of his court, was erroneous.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–521; Dec. Dig. ☞172(1).]

5. Costs ☞230 — Ground for Appeal — Costs on Appeal.

Where erroneous order of nonresident district judge, continuing injunction against execution until modified or vacated by further order of his court, justified prosecution of appeal, costs on appeal would be adjudged against appellee.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 869–876; Dec. Dig. ☞230.]

Appeal from District Court, Tarrant County; J. W. Swayne, Judge.

Suit for injunction by D. W. Odell against Mrs. H. S. Wooten and another. From an order granting a temporary writ of injunction, defendants appeal. Order reversed in part, and suit dismissed.

Robt. G. Johnson and Wade & Smith, all of Ft. Worth, for appellants. Capps, Cantey, Hanger & Short, of Ft. Worth, for appellee.

DUNKLIN, J. D. W. Odell instituted this suit against Mrs. H. S. Wooten and Nace Mann to enjoin the sale of certain real estate under an execution issued on a judgment in favor of Mrs. Wooten against Odell; the execution having been levied by Mann as sheriff of Tarrant county. The ground for the injunction alleged in the petition was that the statutory notice to Odell of the levy of such execution and the proposed sale thereunder had not been given, in consequence of which plaintiff had made no arrangement to have the property bid in at such sale as he would have done if such notice had been given, and in the absence of such efforts on his part the property would be sold at a sacrifice. The petition was filed on November 7, 1916, the day set for the sale of the property under the execution, and plaintiff alleged that he had first learned of the proposed sale late in the afternoon of the preceding day. The petition contained the prayer for the issuance of a temporary writ of injunction, which was granted by the judge of the district court of the Seventeenth judicial district, while the suit was filed in the district court of the Sixty-Seventh judicial district. The attorney for plaintiff made affidavit that the judge of the Sixty-Seventh judicial district was inaccessible, that he and plaintiff had been unable to locate him, and that the property would be sold unless injunction should issue immediately. By reason of the facts so stated in the affidavit the petition for a temporary writ was presented to the judge of the Seventeenth district, who granted the temporary writ, and in obedience to it the sale did not take place. The fiat of the judge granting the writ directed that it should be made returnable to the district court of the Sixty-Seventh judicial district, but further provided that the injunction should be in effect until the further order of the Seventeenth district

court. The defendants have prosecuted this appeal from the order granting the temporary writ.

Appellants insist that the judge who granted the writ was not authorized to do so by reason of the fact that the suit was not filed in his court, and further that the petition lacked the necessary definiteness and clearness to entitle the plaintiff to the relief prayed for. The sale having been restrained, the property could not have been sold earlier than the first Tuesday of the following month, and it is apparent that the only purpose of the suit was to restrain the sale of the property on the day it had been advertised to be sold, and that purpose was accomplished. So that the questions presented by appellant would be moot questions only, except in so far as they involve the taxation of costs of suit and the validity of the order that the writ should continue in force until otherwise ordered by the judge who granted it.

By article 4643, Vernon's Sayles' Texas Civil Statutes, it is provided that no district judge shall have the power to grant any writ of injunction returnable to any other court than his own, except in certain instances and under certain conditions. But it is expressly provided that those restrictions shall not "apply to the granting of writs of injunction by nonresident judge to stay execution * * * where proof is made to the satisfaction of such nonresident judge that it is impracticable for the applicant to reach the resident judge and procure his action in time to effectuate the purpose of the application." It is further provided by that article that, whenever application is made to a nonresident judge for a writ of injunction, the party making such application, or his attorney, shall make and file with the application, as a part thereof, or annex thereto, a certificate setting out fully the facts showing that the resident judge is inaccessible, and the efforts made by the applicants to reach and communicate with him, and the result of such efforts, and that, unless it appears from the affidavit that the applicant has made a fair and reasonable effort to procure the action of the resident judge upon the application, no nonresident judge shall have the power to hear the application.

[1-5] We are of the opinion that the affidavit of plaintiff's counsel, which was attached to the petition, with respect to the efforts made by both himself and plaintiff, was prima facie sufficient to authorize the judge of the Seventeenth district to hear and determine it and to order the issuance of the writ. We are of the opinion, further, that the petition for injunction presented a good cause of action for the relief prayed for, at least as against a general demurrer, and that by reason thereof the costs of the trial court should be here adjudged against the defendants in that court, who are appellants here. But we are of the opinion, further, that the order of

the judge who granted the writ, making the injunction effective until modified or vacated by the further order of the judge of the Seventeenth district court, was erroneous, and the same is reversed, that such order justified the prosecution of this appeal, and that the costs of the appeal should be adjudged against appellee, D. W. Odell.

As shown already, the sole purpose of the suit has been accomplished, thus obviating any necessity for its remand for further proceedings. Accordingly the suit will be dismissed, and the costs will be adjudged as above indicated.