### HOOSER et al. v. BARNETT.
### No. 5037.

Court of Civil Appeals of Texas. Texarkana.
Oct. 24, 1935.

Edwin M. Fulton and Robert W. Cummins, both of Gilmer, for appellants.

C. E. Florence and G. L. Florence, both of Gilmer, for appellee.

JOHNSON, Chief Justice.

This appeal is from an order dissolving a temporary writ of injunction. On July 24, 1935, John W. Hooser, E. H. Malone and wife, Mrs. M. R. Malone, filed suit in the district court in and for the Seventh judicial district of Upshur county, Tex., against appellee, Ben G. Barnett, praying for a temporary writ of injunction to restrain appellee, his agents, servants, and employees from in any way interfering with appellants in cleaning out a certain oil well located in Upshur county, Tex., on property described in the petition, and to have the temporary injunction made permanent upon final hearing. The petition was presented to the Hon. I. N. Williams, judge of the Seventy-Sixth judicial district court of Titus county, Tex., on the same date, together with petitioners' affidavit attached stating that the Honorable Walter G. Russell, judge of the Seventh judicial district court of Upshur county, Tex., could not hear and act upon the application by reason of his absence from the district and inaccessibility. Judge Williams made and attached to the petition his order granting a temporary injunction in all things as prayed for upon plaintiffs' executing bond in the sum of $5,000. The order granting the temporary writ was made returnable to the district court of Upshur county, Tex. The record further reflects that the petitioners executed and filed with the clerk of the district court of Upshur county, Tex., the bond as required in Judge Williams' order, which bond was on said date of July 24, 1935, approved by the clerk of the district court of Upshur county.

Subsequently, and on July 25, 1935, the defendant, Ben G. Barnett, filed a motion in said cause in the district court of Upshur county to dissolve, vacate, and set aside said temporary injunction theretofore granted, and presented said motion to the Honorable I. N. Williams, judge of the Seventy-Sixth judicial district court in chambers at Mount Pleasant, who thereupon signed an order granting the motion, dissolving, and setting aside the temporary writ of injunction which he had theretofore granted.

Plaintiffs have appealed from said order dissolving and setting aside the order granting the temporary injunction.

Under authority of article 4643, R. S. 1925, Judge Williams, by virtue of the affidavit attached to the petition, was authorized to grant the temporary injunction and to make it returnable as he did, to the district court of the Seventh judicial district of Upshur county, Tex. Upon the order having been made and filed with the district clerk of Upshur county, the nonresident judge had no further jurisdiction, and was without authority to hear and determine appellee's motion to dissolve the order grant-

ing the temporary injunction. The order of July 25, 1935, granted by Judge Williams dissolving the temporary injunction was therefore void for want of jurisdiction. Baker v. Crosbyton Southplains R. Co., 107 Tex. 566, 182 S. W. 287; Wooten v. Odell (Tex. Civ. App.) 191 S. W. 721; Murph v. Bass (Tex. Civ. App.) 276 S. W. 767.

The judgment dissolving the injunction will be declared of no effect.