### J. A. BAKER v. CROSBYTON SOUTHPLAINS RAILROAD COMPANY.

#### No. 2433.   Decided January 26, 1916.

**1.—Injunction—Restraining Execution—Jurisdiction.**

An injunction issued by the District Court restraining the levy of execution upon a judgment in the County Court, on grounds other than that the judgment was void or that the property about to be seized was exempt, should be returned to and tried in the court rendering such judgment (Rev. Stats., art. 4653). The District Court was without jurisdiction to try such case. (P. 569.)

**2.—Cases Distinguished.**

The cases of Leachman v. Capps & Canty, 89 Texas, 690, and Van Ratcliff v. Call, 72 Texas, 491, distinguished from this, as involving the protection of the homestead from forced sale, irrespective of the validity of the judgment under which it is sought. (P. 569.)

**3.—Erroneous Judgment—Injunction.**

The remedy against an erroneous judgment is appeal, not injunction. (P. 569.)

Error to the Court of Civil Appeals, Seventh District, in an appeal from Lubbock County.

The railway company sued Baker to enjoin the levy of execution, and obtained judgment, which was affirmed on Baker's appeal. He then obtained writ of error.

*R. A. Sowder* and *Cooper, Merrill & Lumpkin,* for plaintiff in error.—Where suit is to enjoin an execution issued out of the County Court upon a judgment prima facie valid, the County Court alone. has jurisdiction to grant the writ of injunction. Wheeler v. Powell, 114 S. W., 689; Rev. Stats., 1895, art. 2996; Seeligson v. Collins, 64 Texas, 314; Bell v. York, 43 S. W., 68; Lincoln v. Anderson, 51 S. W., 278; Adoue v. Wettermark, 22 Texas Civ. App., 545, 55 S. W., 511; Moore v. Vogt, 127 S. W., 234; Texas & P. Ry. Co. v. Buttler, 135 S. W., 1064; Townes on Pleading, p. 137; Black on Judgments, sec. 360.

*W. D. Benson,* for defendant in error.—The appellee should not be required to pay said judgment, or any part thereof until it obtains a title and possession of said land. E. P. Watts holding a lien against said land, his claim should be satisfied before appellee should be required to make any additional payments; said judgment in County Court being the consideration for said land it should not be ·required to pay the same unless it gets a title thereto, and should not be required to pay more than the amount of said award for the title and possession of said land, the appellant, as well as the appellee being satisfied therewith.

Article 5, section 8 of the Constitution of Texas gives the District Court (or the judge thereof) general jurisdiction to grant injunctions regardless of the amount in controversy and also exclusive jurisdiction in all suits for trial of title to land and of the enforcement of liens thereon. Revised Statutes, article 1098, section 4, gives the District Court original jurisdiction to try title to and to enforce liens upon real estate; then if the matter in controversy is the title or possession of real estate, or in any way affects a lien thereon, the District Court has jurisdiction of said· matter. Day v. Chambers, 62 Texas, 190; Chambers & Thigpen v. Cannon, 62 Texas, 293; Stein v. Frieberg, Klein & Co., 64 Texas, 271; State v. Snyder, 66 Texas, 687, 18 S. W., 107; Beckham v. Burney, 31 S. W., 718.

The County Court only has jurisdiction to issue injunctions where the amount of the claim is not less than $200 and not more than $500 and concurrent jurisdiction with the District Court in amounts from $500 to $1000. The execution sought to be restrained was only for $167.25, hence the County Court was without authority to issue said injunction. Carlisle v. Coffee & Price, 59 Texas, 391; DeWitt County v. Wischkemper, 95 Texas, 437, 67 S. W., 883; art. 5, sec. 16 of the Constitution of the State of Texas.

The County Court not having jurisdiction of the amount in controversy, so far as said execution was concerned, and there being no allegation as to value of property, said execution being for less amount than the County Court was authorized, or had jurisdiction of, and it not being for the purpose of enforcing its jurisdiction, it was without power to grant said injunction and has no jurisdiction thereof, and the District Court having jurisdiction of all of the matters in· controversy, it was

with authority that it granted said injunction and the same should not
be disturbed until there is a hearing upon its merits.

MR. JUSTICE YANTIS delivered the opinion of the court.

J. A. Baker, the plaintiff in error, secured a judgment in the County
Court of Lubbock County, against the Crosbyton Southplains Railroad
Company, defendant in error herein. A portion of the judgment was
paid. Baker caused to be issued an execution out of said County Court
in his favor, and was threatening to levy it upon the property of the
said Crosbyton Southplains Railroad Company, defendant in error. The
latter applied to the District Court of Lubbock County for a temporary
injunction to restrain the levy of said execution from the County Court.
The injunction was granted by and made returnable to the District
Court, and an order entered restraining the officers from levying said
execution. From this order an appeal was prosecuted to the honorable
Court of Civil Appeals for the Seventh District. By said court the
judgment of the District Court, which granted said restraining order,
was affirmed. A writ of error was granted by this court upon the ques-
tion, which is controlling in the case, as to the jurisdiction of the Dis-
trict Court to hear and determine the controversy as to the merits of
the injunction.

The litigation arose in this way: The Crosbyton Southplains Rail-
road Company, defendant in error, brought a condemnation suit against
J. A. Baker, who is the plaintiff in error in this suit, in the County
Count of Lubbock County, to condemn part of lots six, seven, eight, nine,
ten, eleven and twelve in block thirty-three of the Overton addition to
the town of Lubbock, in Lubbock County, Texas, for right of way pur-
poses. The judgment of the court was, in effect, that the lots were
condemned for right of way purposes as prayed for, and J. A. Baker
was given a judgment against the said railroad company in the sum of
$1,750 as damages. The judgment also provided that the sum of $973.60
should be retained in the registry of the County Court to pay and satisfy
a vendor's lien note owed by J. A. Baker to E. P. Watts. The railroad
company paid to J. A. Baker upon said judgment the sum of $654.52,
but did not deposit in the registry of the court the amount called for as
a deposit by said judgment to pay the said note held by E. P. Watts. At
the time the judgment was rendered in the County Court the Watts
note had been placed in the hands of an attorney for collection, and
attorney's fees were due thereon, but for some reason were not taken
into account in rendering the County Court judgment. Watts was not
a party to the suit in the County Court. In due time he filed a suit
in said District Court on said vendor's lien note against J. A. Baker, the
plaintiff in error, to recover the amount of said note, interest and at-
torney's fees. He also prayed for a foreclosure of his lien. The Crosby-
ton Southplains Railroad Company was made a party-defendant in said
suit by Baker. In this state of the litigation Baker caused the execution
to issue out of the County Court on the judgment which had been ren-

dered in his favor therein. The injunction sued out in the District Court by said railroad company was to restrain the levy of this execution. There was no allegation by the railroad company in its application for injunction charging that the judgment of the County Court was void, or that the property about to be levied upon was for any legal reason not subject to levy and sale under the execution. The only charge is that the judgment is not large enough in amount to satisfy the attorney's fees on the said Watts' note, of which no account was taken in the trial in the County Court, and that the execution is about to be levied upon the rolling stock of the railroad company.

We think the Court of Civil Appeals erred in affirming the judgment of the District Court. The latter court was without jurisdiction to try the issues involved in the injunction suit. It had jurisdiction to issue the writ of injunction, but its duty was to make it returnable to the County Court in which the judgment was rendered. Article 4653, Vernon's Sayles' Texas Civil Statutes, 1914, provides that, "writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. ; . ." This statute commanded that when the District Court issued its writ of injunction it should make it returnable to the County Court where the judgment which was under attack by it had been rendered. By implication it deprived the District Court of jurisdiction to do more, except in cases where the judgment of the County Court is void upon its face, or where it appears affirmatively from the record that such judgment is void, or that the property attempted to be levied upon is exempt from such levy, or is owned by persons not parties to the judgment. Cotton v. Rhea, 106 Texas, 220, 163 S. W., 2; Moore v. Vogt, 127 S. W., 234; Lincoln v. Anderson, 51 S. W., 278; Wheeler v. Powell, 114 S. W., 689; Bell v. York, 43 S. W., 68, and Texas & Pacific Railway Co. v. Butler, 135 S. W., 1064. If the rule were otherwise it would result in conflicts of judgments in trial courts, and in interminable confusion. The remedy for an erroneous judgment is by direct appeal, and not by application to another trial court for restraint of the judgment by injunction.

This holding is not in conflict with the cases of Leachman v. Capps & Canty, 89 Texas, 690, 36 S. W., 250, and Van Ratcliff v. Call, 72 Texas, Texas, 491, 10 S. W., 578, where in each case the proceeding was to protect the homestead which was exempt from forced sale. In such cases the parties do not sue to enjoin the execution of the judgment in the sense of seeking to impair or destroy the judgment, but only sue to prevent the levy upon and sale of the property belonging to them, because such property in no event could be subject to sale under any execution, however valid the judgment upon which it issued might be.

The District Court, being without jurisdiction to hear and determine the merits of the injunction, it follows that the judgment of the Court of Civil Appeals, which affirmed the judgment of the trial court, should

be reversed. The petition for writ of injunction presents no valid ground for a stay of execution, and the judgment of the District Court should be here reversed and rendered in favor of the plaintiff in error, and it is accordingly so ordered.

*Reversed and rendered.*

MR. JUSTICE HAWKINS delivered the following concurring opinion:

I concur in the result, and also in the reasoning upon which it is rested, including the application made of article 4653; but I do not think this case calls for a decision as to whether said statute does or does not apply where the judgment under which the execution issued is void, etc., and upon that point I express no opinion.