PRICE & BEAIRD v. EASTLAND COUNTY LAND & ABSTRACT CO. et al.
(No. 946.)

(Court of Civil Appeals of Texas.   El Paso. March 27, 1919.   Rehearing Denied April 24, 1919.)

1. JUDGMENT ⬅455—ENJOINING EXECUTION OF JUDGMENT—VENUE.

Under Rev. St. 1911, art. 1830, subds. 17 and 30, and article 4653, suit to enjoin execution of judgment not void must be brought in county in which judgment was rendered, but where the judgment attacked is void, it may be attacked in any court.

2. JUSTICES OF THE PEACE ⬅84(1)—APPEAR-ANCE—PLEA OF PRIVILEGE—JURISDICTION.

Where defendant company was served with citation and filed a plea of privilege, the justice court had jurisdiction of its person; the plea of privilege raising only a question of mere venue privilege, so that the judgment, the court having jurisdiction over the subject-matter, was not void.

3. JUDGMENT ⬅511—COLLATERAL ATTACK—FRAUDULENT RENDITION — PLEA OF PRIVI-LEGE.

A judgment rendered fraudulently on account of improper overruling of defendant's plea of privilege was not void so as to be subject to collateral attack, but was voidable merely, and subject to be set aside only in a direct proceeding.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Suit by the Eastland County Land & Abstract Company and others against Price & Beaird and others. From an order overruling the plea of privilege of Price & Beaird, they appeal. Reversed and remanded, with instructions.

Price & Beaird, of Tyler, in pro. per.
Earl Conner, of Eastland, for appellees.

HIGGINS, J.   The Eastland County Land & Abstract Company, A. H. Johnson, its president, and C. U. Connellee, its secretary, filed this suit in the district court of Eastland county against E. P. Price and J. W. Beaird, composing the firm of Price & Beaird, I. N. Cross and H. E. Lawrence.

The material allegations of the petition are as follows: The Eastland Land & Abstract Company (hereinafter designated company) is a corporation domiciled in Eastland county, where Johnson and Connellee also reside; Price, Beaird, and Cross reside in Smith county, Tex.; Cross being county clerk of said county; Lawrence resides in, and is sheriff of, Eastland county.

In February, 1917, Price & Beaird filed suit in the justice court of Smith county, against the company to recover damages in the sum of $90. Citation in the suit was issued and served too late to require answer at the February term. In due time the company filed its plea of privilege to be sued in Eastland county, and presented same, but the justice court arbitrarily, unlawfully, and willfully overruled the plea and on March 21, 1917, rendered judgment against the company for the sum of $76.95. The company perfected an appeal to the county court of Smith county, with Johnson and Connellee as sureties upon its appeal bond. In the county court the plea of privilege was again presented, and the facts sustained the plea, but the court arbitrarily, willfully, deliberately, and wrongfully overruled the plea, assumed jurisdiction over the person of the company, Johnson, and Connellee, and rendered judgment against them for the sum of $76.95 and costs. Cross, as county clerk, issued execution upon the judgment, which had been placed in the hands of Lawrence, as sheriff of Eastland county, who was about to levy same upon property of the company, Johnson, and Connellee. It was further alleged that in said suit the justice and county courts of Smith county have no jurisdiction over the person of the company, Johnson, and Connellee; that the company owed Price & Beaird nothing and that the acts of the justice and county courts of Smith county were wrongful, willful, malicious, arbitrary, and without legal justification. The prayer of the petition was as follows:

"Plaintiffs pray for a writ of injunction to issue against the said Price & Beaird, a firm composed of E. P. Price and J. W. Beaird, and each of them, and against the said I. N. Cross and the said H. E. Lawrence, restraining them and each of them from issuing or causing to be issued any other and further process on said county court judgment at Tyler, Tex., and from enforcing the same, and restraining them and their agents and representatives from so doing, and that the said H. E. Lawrence, his agents, and representatives be restrained from making a levy of said execution against any of

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the property of plaintiffs until the further orders of this court; that upon final hearing hereof that said county court judgment as rendered at Tyler, in Smith county, Tex., be held null and void and of no force or effect, and for such other and further relief, whether in law or equity, as the facts on a hearing hereof may show them entitled to, as in duty bound will ever pray."

A temporary injunction, as prayed for, was granted by the district judge of Eastland county.

Price & Beaird filed a plea of privilege, claiming the right to be sued in Smith county. They averred their residence to be in Smith county, and, further, that the suit was to enjoin the execution of a judgment of the county court of Smith county. The plea complied with the provisions of chapter 176, Acts 35th Legislature, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903). The question was also raised by exception to the petition.

Appellees filed a controverting plea, in which the allegations of its petition were simply reiterated. At the October term, 1917, of the district court of Eastland county, appellant's plea of privilege was overruled and from this order this appeal is taken.

### Opinion.

There is no bill of exception or statement of facts to show the evidence adduced upon the hearing of the plea, but this is of no consequence, since the allegations of appellees' petition and controverting plea affirmatively disclose that the proper venue of the case is in Smith county.

[1] The suit is to enjoin the execution of a judgment of the county court of Smith county, and under the provisions of article 1830, subd. 17, R. S., such suits "shall be brought in the county in which such judgment was rendered." Subdivision 30 of said article says:

"Whenever, in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Furthermore, article 4653 provides that—

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered."

These statutes are imperative, but have no application, when the judgment attacked is void, in which case they may be attacked in any court, by any one. Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578; Bender v. Damon, 72 Tex. 92, 9 S. W. 747; Ferguson v. Fain, 142 S. W. 1184; Baker v. Ry. Co., 107 Tex. 566, 182 S. W. 287. For the general rule as to the right to collaterally attack void judgments, see cases cited in 11 Michie's Digest, 147.

In the Baker Case the railway company brought suit in the district court of Lubbock county to restrain the levy of an execution issued upon a judgment obtained against it in the county court of Lubbock county by Baker. It was held that while the district court had jurisdiction to issue the writ, its duty was to make it returnable to the county court. Referring to article 4653, R. S., the court said:

"By implication it deprived the district court of jurisdiction to do more, except in cases where the judgment of the county court is void upon its face, or where it appears affirmatively from the record that such judgment is void, or that the property attempted to be levied upon is exempt from such levy, or is owned by persons not parties to the judgment."

[2] In the case at bar the parties are the same, and it does not appear that the execution is about to be levied upon exempt property; neither do the allegations of the petition show the judgment of the county court of Smith county to be void. It is claimed that the justice and county courts of Smith county did not have jurisdiction over the person of the company, Johnson, and Connellee. In a court having jurisdiction over the subject-matter, how does it obtain jurisdiction over the person of defendants resident within the state? Mr. Black in his work on Judgments says:

"Jurisdiction of the 'person' is obtained by the service of process, or by the voluntary appearance of the party in the progress of the cause." Black on Judgments, par. 216.

Appellees' petition avers that the company was served with citation and filed a plea of privilege. This gave to the justice court of Smith jurisdiction over its person. It is, however, contended by appellees that said courts did not have such jurisdiction, because the company was a resident of Eastland county, and had filed a plea of privilege to be sued in that county and sustained the same by proof. The courts frequently have used language which indicates that such pleas raise a question of jurisdiction over the person, but we do not think they can properly be regarded as raising a question of jurisdiction, but rather a question of mere venue privilege. Our courts have often held that the statutes relating to venue confer merely a privilege. In Railway Co. v. Stevens, 192 S. W. 304, and Railway Co. v. Ayers, 192 S.

W. 310, this court recognizes a distinction between venue privilege and the matter of jurisdiction. These cases later went to the Supreme Court, and the distinction was there also recognized though the ruling of this court upon the plea of privilege was not sustained. Railway Co. v. Stevens, 206 S. W. 921. We, therefore, hold that, by the service of process and the filing of the plea of privilege, the courts of Smith county acquired jurisdiction over the person of appellees in the suit brought by Price & Beaird and that such plea raised merely a personal privilege as to the venue of the suit. De La Vega v. Leagne, 64 Tex. 205; Willis v. White, 29 S. W. 818; 40 Cyc. 42.

[3] The only other allegation in any wise impeaching the validity of the judgments rendered in the justice and county courts of Smith county are those to the effect that those courts wrongfully, willfully, unlawfully, maliciously, arbitrarily, and without legal justification overruled the plea of privilege when the facts sustained it, and rendered judgment in favor of Price & Beaird when the company was not indebted to them in any sum. These facts in our opinion did not render the judgment void. They amount to no more than an allegation that the courts had acted fraudulently in overruling the plea and rendering judgment against appellees. A judgment frauduently rendered does not make it void so as to subject the same to collateral attack. It is voidable merely and subject to be set aside only in a direct proceeding brought for that purpose. Murchison v. White, 54 Tex. 78; Fleming v. Seeligson, 57 Tex. 524, and other cases cited in 11 Michie's Digest, 153. We express no opinion as to the sufficiency of appellees' petition to set aside the judgment upon direct attack. That question is not before us.

The judgment of the county court of Smith county not being void, it follows that the statutory provisions cited above control and that the proper venue for the trial of the case upon its merits is in Smith county.

This appeal is from an interlocutory order overruling the plea of privilege, and the question of venue is the only one now before this court. Subdivision 17 of article 1830 is purely a venue statute. Article 4653 regulates not only the venue but prescribes as well the jurisdiction over the subject-matter. Since the question of jurisdiction over the subject-matter cannot be considered upon this appeal, we cannot undertake to determine to what court in Smith county the case must be transferred. We simply reverse the case, with instructions to the lower court to transfer the case for trial to the proper court of Smith county having jurisdiction over the subject-matter.

Reversed and remanded, with instructions.

