KERR et al. v. HUME. (No. 1036.)

(Court of Civil Appeals of Texas. El Paso. Nov. 28, 1919. Rehearing Denied Dec. 18, 1919.)

1. JUDGMENT ⊂⇒212 — ENTRY AT REGULAR TERM OF JUDGMENT RENDERED DURING VACATION.

If, after hearing and decision by the county court of a cause in vacation, nothing had been done relative to the judgment at the succeeding regular term of the court but to have the clerk enter it upon the minutes of the court, it would have been a nullity.

2. JUDGMENT ⊂⇒212 — RENDERED IN VACATION.

A judgment of the county court did not appear void on its face as having been rendered and the cause heard in vacation, where, although it recited a hearing had in vacation, and that pursuant to said hearing the court "concluded" the plaintiff should recover, and further concluded that such judgment should be entered at the succeeding regular term, it further recited that at the succeeding regular term the court, "upon consideration of the pleadings * * * and the evidence heard on" the prior date during vacation, "concluded" plaintiff was entitled to recover.

3. JUDGMENT ⊂⇒461(1)—PRESUMPTION IN FAVOR OF JUDGMENT ALLEGED TO HAVE BEEN RENDERED IN VACATION.

In suit to enjoin enforcement of judgment, recitals that the court, at a regular term, considered the evidence heard in vacation, do not preclude the presumption that sufficient other facts were proved to sustain the judgment, against objection that cause was heard in vacation.

4. JUDGMENT ⊂⇒461(1)—PRESUMPTION OF REGULARITY SUPPLYING OMISSIONS IN JUDGMENT RECORD.

In suit to enjoin enforcement of judgment, although record does not show affirmatively jurisdiction of defendant's person by service or answer, the judgment is not void for that reason, as, where the record is silent on the point, it will be presumed they had notice or were present at the trial.

5. JUDGMENT ⊂⇒429—VALIDITY; MATTER OF DEFENSE.

In suit to enjoin enforcement of judgment, that moneys sued for and for which judgment was rendered were in the custody of another court was a matter of defense, which should have been pleaded and urged in the suit, and could not render the judgment in the suit void.

Appeal from District Court, Terrell County; Walter F. Jones, Special Judge.

Suit by Joe Kerr and others against D. E. Hume. From order refusing temporary writ of injunction, plaintiffs appeal. Order affirmed.

A. T. Folsom, of Sanderson, for appellants. D. E. Hume, of Eagle Pass, for appellee.

HARPER, C. J. Mrs. Maggie Anderson, survivor in community of the estate of D. L. Anderson, and Ella May Anderson, only surviving child and heir, and Joe Kerr brought this suit in the district court of Terrell county, Tex., for three purposes: (1) Temporary injunction restraining the constable from levying execution upon the goods, lands, etc., of defendants issued out of the county court of Maverick county; (2) to declare said judgment void; and (3) to permanently enjoin issuance of further executions by the clerk of said county court of Maverick county by virtue of said judgment.

The judgment sought to be set aside is as follows:

"David E. Hume v. D. L. Anderson et al. No. 413. In the County Court of Maverick County, Texas, October Term, 1917. On the 19th day of October, A. D. 1917, during a regular term of this court, the plaintiff, David E. Hume, appealed in person and moved the court to enter judgment in his favor by reason of the following circumstances, which the court found in fact existed, to wit: At the July term, 1917, of this court this case was regularly called for trial, and both parties duly appeared in person, and defendant D. L. Anderson and Joe Kerr, by attorney, and the following agreement was entered into and approved by the court, to wit:

"'David E. Hume v. D. L. Anderson. No. 413. In County Court Maverick County, Texas, July Term, 1917. In the above entitled and numbered cause it is hereby agreed by and between plaintiff and defendant, defendant, Anderson, being herein represented by Ben V. King, his attorney, that this case will be called for trial and tried within thirty days from and after July 16, 1917, subject, however, to any legal excuse for a postponement as would be applicable under the rules of law governing such cases, in the discretion of the court. The parties hereto agree that the records and minutes of this court may show said trial and proceedings as had at a regular term of said court, and that no objections or exceptions will be taken or raised in this court or any appellate court relative or pertaining to the question of said trial being had in vacation.

"'It is understood, however, that their agreement shall in no wise be accepted or construed as a waiver of defendant's bills of exceptions to the action of the court in overruling defendant's plea of privilege or permitting said plea of privilege or alleged waiver thereof, being construed or contested in the absence of a controverting plea, under oath, being first filed by plaintiff. Witness our hands at Eagle Pass, Tex., this 18th day of July, 1917. David E. Hume, Plaintiff, D. L. Anderson, Defendant, by Ben V. King, His Attorney. Approved by me this 18th day of July, 1917. E. H. Schmidt, County Judge, Maverick County, Texas.'

"On August 16, 1917, during vacation (notice of this setting having been given plaintiff and defendant's attorney), the judge of this court

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

called the case for trial as contemplated by the agreement, and the plaintiff, David E. Hume, appeared in person and was ready for trial, and the defendants appeared by their attorney, Judge Ben V. King, and, not being ready for trial, asked a postponement, which the court overruled, and defendants' attorney retired from the room and was not present and did not participate in the trial. The court heard the pleadings and the evidence and concluded that plaintiff was entitled to judgment against defendant D. L. Anderson for $251, with interest thereon at the rate of 6 per cent. per annum from October 19, 1917, and all costs, and the court concluded that such a judgment should be entered at the following October term, 1917, of this court. Thereafter, on the 19th day of October, 1917, during a regular term of this court, the case was called, and the plaintiff, David E. Hume, duly appeared in person, but the defendant D. L. Anderson, though his answer had long since been filed, failed to appear either in person or by attorney, and the court, upon consideration of the pleadings, the agreement hereinbefore set out, and the evidence heard on August 16, 1917, as hereinbefore explained, concluded that plaintiff was entitled to judgment against defendant for $251, with 6 per cent. interest per annum from October 19, 1917, and all costs of suit. It is therefore ordered, adjudged, and decreed by the court that the plaintiff, David E. Hume, do have and recover of and from the defendant D. L. Anderson and Joe Kerr the sum of $251, with 6 per cent. interest per annum thereon from October 19, 1917, and all costs of suit, and that execution and all other writs issue that may be necessary to carry their judgment into execution."

The grounds pleaded for declaring the above judgment void are:

First, that the money for which the judgment was rendered was held by D. L. Anderson as sheriff under order and judgment of the district court, wherein one Villareal was being prosecuted for its theft from Bilboa, and bringing same into this state; that said Villareal had been prosecuted and convicted, had appealed, and that defendant D. L. Anderson, as sheriff, had by order of the court duly entered as provided by statute been commanded to retain the identical money in his possession until the final disposition of the case, to be used as evidence in case the cause was reversed for a new trial; that Hume knew these facts, and, notwithstanding his knowledge, fraudulently procured the county judge of Maverick county to enter said judgment.

Second, because of the facts recited in the judgment it appears that the case was tried in vacation; therefore the judgment entered is void.

The petition in this proceeding was presented to Hon. Walter F. Jones, special judge in term time, and after hearing evidence the temporary writ of injunction was refused, and from the order refusing the writ the case is appealed.

The only question urged by appellant is that the judgment of the county court of Maverick county is void.

[1, 2] The exact point urged is that it affirmatively appears from the face of the judgment that the hearing was had and the judgment of the court as entered was rendered in vacation August 16, 1917, and, the county court not being authorized to hear causes of action and render judgments outside of regular terms, the judgment so rendered is void.

It needs no citation of authorities to support this proposition of law, but the question for determination for the trial court, and likewise this court, is: Does the judgment pleaded upon its face sustain the contention, or has plaintiff by his pleadings set up facts to be shown by the face of the record in this case (county court of Maverick county) which would, if introduced, show the judgment sought to be set aside to be void? Baker v. Crosbyton South. P. Ry. Co., 107 Tex. 566, 182 S. W. 287. The only thing we have to determine the question by is the judgment itself. The question is to be answered by the recitals in the judgment. It recites an agreement in writing entered into and approved by the judge, at a regular term of the county court, to try the case in vacation, that the hearing was had August 16, 1917, which was at a date when the county court of that county had no term, and that pursuant to said hearing the court concluded that the plaintiff should recover against one of the defendants, and further concluded that such judgment should be entered at the succeeding October term of court. If there had been no other thing done relative to the judgment as entered October 19, 1917, but to have the clerk enter it upon the minutes of the court, it, such judgment, would have been a nullity (Hodges v. Ward, 1 Tex. 244; Hardware Co. v. Perry et al., 88 Tex. 468, 27 S. W. 100), but its recitals further say:

"On October 19, 1917, during a regular term of this court, the case was called, and plaintiff * * * duly appeared, * * * and the court upon consideration of the pleadings, the agreements, etc., * * * concluded that plaintiff was entitled to recover, etc. * * *"

[3] The fact that it recites that the court considered the evidence taken in the hearing in vacation does not preclude the presumption that sufficient other facts were proved to sustain the judgment. Chapman v. Sneed, 17 Tex. 428; Delaware Ins. Co. v. Hutto, 159 S. W. 73. Besides, this record discloses that the court heard other evidence when the case was called for trial at the October term. True, it recites that at the hearing in vacation the court "concluded" that plaintiff should recover, but, if we could construe the term to mean that he then, as judge, rendered his judgment, we are confronted with the

further recital that in term time he again "concluded" that plaintiff should recover; so, if the use of the term means the same as "rendition of judgment," in the absence of a showing that no such proceeding took place in open court at the regular term as in this case, the record lacks that affirmative proof from plaintiff which is required before he can have the judgment declared void because rendered in vacation.

[4, 5] The record now before this court shows affirmatively that the county court had jurisdiction of the cause, that its judgment was rendered and entered during a regular term of court, and, though the record does not show affirmatively that it had service or that the defendants answered, one of which was necessary to give jurisdiction of the person of the defendants, such judgment is not void for that reason (Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876; San Antonio U. & G. R. Co. v. Hales, 196 S. W. 903); for, in the absence of evidence that they were not served, it will be presumed that they had notice or were present at the trial. But in this we are not left to presumption; for at the hearing before the trial court before passing upon the application for a temporary writ, it is in testimony that their answers were on file. That the moneys sued for were in the custody of another court was a matter of defense which should have been pleaded and urged in the court of Maverick county, and could not render the judgment void.

Finding no error, the order refusing the temporary writ is affirmed.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes