### LANDA COTTON OIL CO. v. WATKINS et al. (No. 2187.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 24, 1923. Rehearing Denied Nov. 28, 1923.)

1. Judgment ⊚⟊497(2)—Recitals of due notice in judgment not open to collateral attack.

A recital of "due notice," in a judgment overruling a plea of privilege, precludes any further inquiry as to such matter in another suit.

2. Pleading ⊚⟊238(2)—Court may allow amendment of controverting plea to plea of privilege without further notice.

Where defendants set up a plea of privilege, and plaintiff filed a controverting plea under Rev. St. art. 1903, to which latter plea defendant filed controverting affidavits, the court had jurisdiction to allow plaintiff to thereafter file an amended controverting plea, under article 1824, and to thereupon proceed to hear the plea of privilege without further notice to defendants.

3. Courts ⊚⟊480(3)—Suit will not lie to restrain execution of judgment rendered in another county where judgment not void and statutory conditions as to venue do not exist.

A suit will not lie in one county to restrain the enforcement of a judgment rendered in another county unless the judgment is void on its face, and where such judgment is not void and where none of the conditions set forth in Rev. St. art. 4643, subd. 3, permitting the maintenance of an injunction suit in another county exist, the suit should be dismissed and not transferred to the proper county.

Appeal from District Court, Collingsworth County; J. A. Nabers, Judge.

Suit by M. P. Watkins and another against the Landa Cotton Oil Company and another. Judgment for plaintiffs, and the named defendant appeals. Reversed and dismissed.

Adolph Seidemann, of New Braunfels, and Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Cocke & Gribble and C. C. Small, all of Wellington, for appellees.

BOYCE, J. M. P. Watkins and the First National Bank of Wellington, Tex., filed this suit in the district court of Collingsworth county against the Landa Cotton Oil Company and J. V. Langford, the sheriff of Collingsworth• county, to restrain the sale of certain property in Collingsworth county, levied on by virtue of an execution issued out of the district court of Comal county on a judgment rendered in that court in favor of Landa Cotton Oil Company against Watkins and the bank. Plaintiffs alleged that said judgment .was void and prayed that it be so adjudicated and that the Landa Cotton Oil Company be restrained from further execution of said judgment. The oil company pleaded to the jurisdiction of the district court of Collingsworth county, and in the alternative to the venue. Temporary injunction was granted, and on trial without a jury, the appellant's pleas to the jurisdiction and venue were overruled and judgment rendered declaring the Comal county judgment to be void and perpetually restraining the execution thereof.

The facts found by the trial court to sustain the conclusion that the Comal county judgment is void are as follows: The oil company, a resident of Comal county, filed the suit in that county against M. P. Watkins and the First National Bank of Wellington, Tex., residents of Collingsworth county. The defendants were duly cited to appear at a term of court beginning September 6, 1920. They filed a plea of privilege, claiming the right to be sued in Collingsworth county. On September 7, 1920, the oil company filed a controverting plea, and the court ordered a hearing on the plea of privilege on February 7, 1921. Watkins and the bank were duly served with notice of this hearing and on February 7, 1921, filed controverting affidavits, "reiterating the statements of their plea of privilege." Thereafter, on the same day, the oil company filed an "amended controverting plea," and the court indorsed thereon an order setting a hearing on the same for September 5, 1921, directing the clerk "to issue notices as required by law to the adverse parties of the filing of the controverting plea." Service of notice of this order was made on Watkins and the bank, on September 5, 1921, and "no other notice of any nature was served upon said defendants as to the filing or hearing upon said plea of privilege other than hereinbefore set out." On February 8, 1922, the district court of Comal county rendered judgment overruling the pleas of privilege, the recitations of the judgment being as follows:

"This, the 8th day of February, A. D. 1922, in the above entitled and numbered cause, came on to be heard in due time and after due notice, the pleas of M. P. Watkins and the First National Bank of Wellington, Tex., defendants, to be sued in the county of Collingsworth, the county of said defendant's residence. And the court having considered said pleas and the controverting pleas of plaintiff herein filed, together with the evidence offered in support of the same, and the argument of counsel, is of the opinion that said pleas of privilege should be overruled," etc.

Thereafter on the 21st day of February, 1922, the court rendered judgment by default against the .defendants for the sum of about $1,700.

[1] It is conceded that the plaintiffs can maintain this suit in Collingsworth county only on the theory that the Comal county

judgment is void. Cotton v. Rhea, 106 Tex. 220, 163 S. W. 2. It is claimed that the court was without jurisdiction to hear the plea of privilege without service of notice of the filing of the amended controverting plea, in the same manner provided for service of notice on filing of the original controverting plea. See article 1903, Revised Statutes. It is a rule well settled by the authorities of this state that in a collateral attack on a judgment, as this proceeding undoubtedly is, the recitals in the judgment of due notice import absolute verity. Treadway v. Eastburn, 57 Tex. 209; Hopkins v. Cain, 105 Tex. 591, 143 S. W. 1146 (2 and 3); Jameson v. O'Neall (Tex. Civ. App.) 145 S. W. 681 (3), and authorities. So we think the recital of service of "due notice" in the face of the judgment of the District Court of Comal County, overruling the appellee's plea of privilege, precludes any further inquiry as to such matter in this suit.

[2] Furthermore, we are not prepared to assent to the proposition that on filing of the amended controverting plea the court could not proceed to a hearing of the pleas of privilege without giving defendants ten days' prior notice of the time set for hearing. The defendants in that suit had notice that the plaintiff had joined issue with them on their plea of privilege. They themselves, on the day set for the hearing, filed controverting affidavits in reply to the defendant's controverting plea. The court then had the power, we think, to proceed to a trial of the issue thus formed, and also had the power to give the plaintiff leave to amend its controverting plea, and the defendants, being in court, were bound to take notice of such fact. R. S. art. 1824. Tyson v. State Bank & Trust Co. (Tex. Civ. App.) 154 S. W. 1055; St. Louis & Southwestern Ry. Co. v. McDermitt (Tex. Civ. App.) 175 S. W. 509; Puntney v. Moseley (Tex. Civ. App.) 237 S. W. 1118 (4). We do not pass on the question as to whether there was error committed in taking up the hearing, as it was done, after the court had proceeded on the theory that the defendants were entitled to ten days' prior notice of the hearing as under article 1903. Our holding is that after the service of the controverting plea the court was not thereafter without jurisdiction to proceed to hear the plea of privilege on an amended controverting plea without further notice to the defendants. So

that even if there was error in the proceeding it did not render the judgment void.

In the case of Craig v. Pittman & Harrison Co. (Tex. Civ. App.) 234 S. W. 1112, 250 S. W. 667, where no controverting affidavit was filed, the judgment rendered for the plaintiff on the merits without action on the defendants' plea of privilege, was held to be void. In a number of cases of direct appeal, from judgments entered on hearing of the pleas of privilege without a service of notice of plaintiff's controverting plea and setting, it has been said that the trial court was without jurisdiction to thus proceed in said matter. Brooks v. Wichita Mill & Elevator Co. (Tex. Civ. App.) 211 S. W. 288; Doak v. Biggs, 235 S. W. 958; Bishop v. Galbraith (Tex. Civ. App.) 246 S. W. 416. We assume that the trial court considered these cases as authority for holding the Comal county judgment void. These authorities are not in our opinion in conflict with the conclusions reached by us, as above stated.

[3] Having reached the conclusion that the Comal county judgment was not void, we think that the suit should be dismissed. The district court of Collingsworth county had no power on the allegations of the petition to grant a temporary injunction returnable to any court other than his own. Article 4643, § 3, Revised Statutes. His right to grant the injunction returnable to his own court existed only on the theory that the Comal county judgment was void. The plaintiff filed the suit in Collingsworth county on allegation that the Comal county judgment was void, and had a right to an adjudication of this issue in Collingsworth county. If he failed to establish his allegation, then the district court of Collingsworth county was without power to grant him the relief, and logically judgment should be rendered, either against the plaintiff on the merits or dismissing his suit. Baker v. Crosbytown Ry. Co., 107 Tex. 566, 182 S. W. 287; Thallman v. Buckholts State Bank (Tex. Civ. App.) 181 S. W. 791; Marshall v. Spiller (Tex. Civ. App.) 184 S. W. 285. The case may be possibly distinguishable from the case of Lester v. Gatewood (Tex. Civ. App.) 166 S. W. 389. However that may be, we are convinced that the case should be dismissed rather than sent back to Collingsworth county for transfer to Comal county.

Reversed and dismissed.