A. B. RICHARDS MEDICINE CO. v. REEVES. (No. 2990.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 4, 1924.)

1. Courts ⨺480(1)—Suit to enjoin execution of judgment must be brought in county where rendered, unless void on its face.

Rev. St. art. 1830, subd. 17, providing that suit to enjoin execution of judgment shall be brought in county where judgment rendered, is mandatory, and applies to suit directly and merely attacking judgment, unless judgment attacked is nullity on its face or apparent on record.

2. Judgment ⨺415—Voidable only where proof outside of record necessary to show reason for setting it aside.

Where it is necessary to present proof outside judgment record to show that judgment should be set aside for failure of legal proce-

dure or for equitable reasons, it is voidable and not void.

**3. Courts 480(1)—District court held without jurisdiction in suit to enjoin execution of judgment rendered in another county, where judgment not void on its face.**

Where justice of peace had jurisdiction and citation had been issued and served, fact that original citation does not show date suit was filed or that return of officer does not show certified copy of plaintiff's account was delivered to defendant, did not render such judgment void on its face, and hence, under Rev. St. art. 1830, subd. 17, district court of another county was without jurisdiction of suit to enjoin execution on ground of variance between original and copy of citation as to return day.

**4. Venue 77—Privilege not waived when plea of abatement and answer filed contemporaneously and urged in due order.**

Where pleas of venue and abatement and answer were filed contemporaneously, and were presented and urged in their due order, such plea of venue was not waived.

Appeal from District Court, Lamar County; Ben H. Denton, Judge.

Suit by Ed. R. Reeves against the A. B. Richards Medicine Company to enjoin execution of a judgment. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with instructions.

The appellant brought a suit against the appellee in the justice court of Grayson county, in the nature of an action for debt, in the sum of $23.45. On September 24, 1923, the regular appearance day of the justice court, a judgment by default was rendered against appellee for the amount sued for by appellant. Thereafter the appellant caused to be issued an alias execution to Lamar county, which was placed in the hands of the sheriff for execution. The appellee then filed a petition in the district court of Lamar county, and before any levy upon property by the sheriff, averring that the judgment entered by default on September 24, 1923, was legally invalid and void because the citation issued and served in the case (1) summoned the appellee to appear and answer the appellant's suit on September 27, 1923; (2) did not state the date of the filing of the suit; and (3) was not accompanied by a certified copy of the account sued on. The sheriff of Lamar county, the appellant, and the justice of the peace of precinct No. 1 of Grayson county were made defendants in the suit. The petition prayed, upon final hearing, for a decree "perpetually restraining the defendants, and each of them, from having issued and served any execution, alias execution or any process whatever based on the said void and illegal judgment, and for costs and general relief in the premises." The appellant appeared and filed pleadings in the suit, but the sheriff and the justice of the peace did not do so.

The appellant first filed a plea to the jurisdiction of the district court of Lamar county to hear and determine the petition upon the two grounds that (1) the matter in controversy is less than $500, and (2) was a suit that should be brought in Grayson county, the county where the alleged judgment was rendered. The appellant asked in the plea that "this cause be transferred to the district court of the Fifty-Ninth judicial district. in Sherman, Grayson county." The appellant then filed an answer consisting of demurrer, special exceptions, and general denial, "without waiving the plea as to jurisdiction and the plea of privilege heretofore filed, but still insisting on the same." All the pleadings were filed at the same time and in due order. The court acted on the pleas in their order and separately, and overruled them. Then the case was tried before the court on the merits, and judgment was rendered in favor of appellee as follows: (1) Restraining the sheriff of Lamar county from serving the alias execution in his hands "and from serving any other execution issued out of said court on said judgment"; (2) permanently restraining "the A. B. Richards Medicine Company from procuring or causing to be issued any further execution on said judgment"; (3) permanently restraining "H. D. Cumby (the justice of the peace) from issuing any further process upon said judgment."

The court made special findings of facts. A statement of facts does not accompany the record. The court's finding of facts read:

"The defendant, John Brown, resides in and is the sheriff of Lamar county, Tex.; the other defendants named reside in Grayson county, Tex. The plaintiff resides in Lamar county, Tex.

"Defendant, A. B. Richards Medicine Company, obtained a judgment in the justice court, as alleged by plaintiff and had execution issued by the defendant Cumby and placed in the hands of John E. Brown, sheriff, for the purpose of service, and he was threatening to serve the same, when temporary restraint was had in this cause.

"The plaintiff herein, E. R. Reeves, had a good defense to his suit in the justice court at Sherman, Grayson county, which he did not offer in said cause and filed no answer therein. The citation in said suit in the justice court did not state the date that the suit was filed, and the copy served on plaintiff gave the return date as September 27th. Judgment was taken on the 24th preceding the date. On the 25th or 26th of the said month, plaintiff herein filed his plea of privilege to be sued in the county of his residence, which plea was never acted upon by the justice of the peace. Upon the judgment thus taken the execution was issued that is now in the hands of the sheriff of Lamar county, and is the one sought to be restrained herein."

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A certified copy of the account sued on did not, as admitted, accompany the citations. In the light of the pleadings, and as treated in the briefs, the citations, both original and copy, were typewritten, showing the return day of court as "September 27, 1923." The figures "27" were crossed out and the figures "24" written in red ink in the original citation, but the copy served on the appellant was not corrected in that respect, and remained as originally typewritten, "September 27, 1923." Except in this particular respect, the copy was a true and literal copy of the original citation.

Cliff Huggins, of Sherman, and Johnson & McMillan, of Paris, for appellant.

Tom L. Beauchamp, of Paris, for appellee.

LEVY, J. (after stating the facts as above). The appellant filed the following sworn plea, and the same was not controverted, viz.:

"Now comes A. B. Richards Medicine Company, a corporation, having its principal office and place of business in the city of Sherman, Grayson county, Tex., one of the defendants in the above-entitled and numbered cause, and says that this court ought not to have or take further action or cognizance of this suit than to have the same transferred to the court having jurisdiction of the person of this defendant, because it says:

"(1) That it is not now, and was not, at the institution of this suit nor at the time of the service of such process thereon, nor at the time of the filing of this plea, a resident of the county of Lamar, state of Texas, the county in which this suit was instituted and is now pending, but that it is now, and was at the time of the institution of this suit and at the time of the execution and filing of this plea, a resident of Grayson county, state of Texas, where it then and now resides, and where it has its principal office and place of business; (2) that it has no agent residing in Lamar county, Tex., and had none when this suit was instituted, and that none of the exceptions to the exclusive venue of the county of one's residence mentioned in article 1830 and article 2308 of the Revised Civil Statutes of Texas, exist in this cause; that this suit does not come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained in the county of Lamar, state of Texas, or elsewhere outside of said county of Grayson in the state of Texas.

"The defendant shows and represents to the court that this is a suit to enjoin the execution of a judgment rendered in the justice court of precinct No. 1, Grayson county, Tex.; and that such suit should be brought only in the county in which such judgment was rendered, or in which such suit is pending as shown by subdivision 17 of article 1830 of the Revised Civil Statutes of this state. Wherefore defendant prays that this cause be transferred to the district court of the Fifty-Ninth judicial district of Texas, located in the city of Sherman, Grayson county, Tex.; that Hon. F. E. Wilcox is the duly qualified and acting judge of said district court of Grayson county, Fifty-Ninth judicial district of Texas."

[1-3] The court overruled the plea, and the ruling is assigned as error. The statute invoked in support of the assignment, being article 1830, subd. 17, reads:

"When the suit is brought to enjoin the execution of a judgment or to stay proceedings in any suit, in which case the suit shall be brought in the county in which such judgment was rendered or in which such suit is pending."

The appellee's petition did not seek to prevent the sale of property levied upon as being exempt or not subject to seizure under the alleged judgment. The petition affirmatively sought, and with the purpose generally, to prevent the execution of the judgment, upon the ground that it was legally invalid and void by reason of the alleged facts. It has been held that the article of the statute quoted is mandatory and applies to suit directly and merely attacking the judgment, unless the judgment attacked is a nullity on its face or apparent on the record. Baker v. Ry. Co., 107 Tex. 566, 182 S. W. 287; Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578; Price and Beaird v. Eastland County Land & Abstract Co. (Tex. Civ App.) 211 S. W. 478; Ferguson v. Fain (Tex. Civ. App.) 142 S. W. 1185. The petition does not allege, nor does the present record show, that the judgment rendered by the justice of the peace is legally void on its face; and it appears from the record that the justice of the peace had jurisdiction of the subject-matter and the amount in suit, and that a citation had been issued on August 10, 1923, and actually served upon the appellee in person on August 24, 1923, more than the 10 days legally required before the appearance day of the court. The return day of the court, as shown on the original citation filed in the justice court, appears "September 24, 1923, at 10 o'clock a. m." This was the true return day of the court. The original citation does not show, it is true, the date the suit was filed in the justice court, and the return of the officer does not show that a certified copy of the appellant's account sued on was delivered to the appellee with the copy of citation served on him. But the statute does not require any of this to be done in process from the justice court. Since, then, the judgment appears regular on its face and carries in its record the evidence of legal validity, it could not be termed void within the meaning of the law so as to make inapplicable the statute quoted above. The rule is that a judgment is only voidable and not void where it is necessary to present proof outside the judgment record to show that it should be set aside for failure of legal procedure or for equitable reasons. Dunn v.

Taylor, 42 Tex. Civ. App. 241, 94 S. W. 348. Consequently whether or not the judgment should be set aside in virtue of the variance of date between the copy and the original citation as to the return day of court, and whether or not appellee had the right in this suit to have the judgment vacated, are questions that the district court of Lamar county had no jurisdiction to hear, in view of the statute and the plea of appellant. Such issues can only be determined in the court in Grayson county. We express no opinion nor intimation in regard to the issues in this respect.

[4] According to the record the appellant did not waive, as urged by appellee, the venue of the suit. The pleas of venue and abatement and the answer were filed contemporaneously, and were presented and urged in their due order. The case of Martin v. Kieschnick (Tex. Com. App.) 231 S. W. 331, is different from this record as it appears.

The judgment is reversed, and the cause remanded, with instructions to transfer the cause to the district court of Grayson county for final disposition. The costs of appeal are taxed against appellee.