**TEXAS EMPLOYERS' INS. ASS'N et al. v. TABOR et al.   (No. 9982.)**

(Court of Civil Appeals of Texas. Dallas. Jan. 8, 1927. Rehearing Denied Feb. 12, 1927.)

**1. Courts ⬦484—District court's transfer of case, which was pending on appeal, to another district court, held valid.**

Transfer of case to Ninetieth judicial district court from Ninety-Second district court one month prior to time latter would cease to exist, valid, notwithstanding that case was pending on appeal.

**2. Courts ⬦488(1)—Where case was transferred from one district court to another pending dissolution of former court, writ to stay execution on judgment was returnable to latter court (Rev. St. 1925, art. 1995, subds. 17, 30, and art. 4656).**

When district court for Ninety-Second judicial district ceased to exist and case tried therein and pending on appeal was transferred to district court for Ninetieth judicial district, latter court became court where judgment was rendered, within Rev. St. 1925, art. 1995, subd. 17, and article 4656, requiring writs of injunction to stay execution to be returnable to court where judgment was rendered, in view of article 1995, subd. 30.

**3. Courts ⬦480(3)—Court restraining execution under judgment issued in another district must order writ of injunction returnable to court which rendered judgment (Rev. St. 1925, art. 1995, subds. 17, 30, and art. 4656).**

Though judge of court could issue temporary injunction to enjoin sheriff from service of execution under judgment rendered in another district, he had no power to try the case, but was required, under Rev. St. 1925, art. 1995, subds. 17 and 30, and article 4656, to order the writ of injunction returnable to court which rendered the judgment.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Suit by the Texas Employers' Insurance Association and another against Jim Tabor and others. From a judgment sustaining a plea of privilege and directing that the cause be transferred, plaintiffs appeal. Affirmed.

See, also, 274 S. W. 309; 283 S. W. 779.

Lawther, Pope, Leachman & Lawther, of Dallas, for appellants.

Saunders & Bounds, of Breckenridge, for appellees.

JONES, C. J. This is an appeal from a judgment in a district court in Dallas county, sustaining a plea of privilege, and directing this cause to be transferred to Stephens county and filed in the district court for the Ninetieth judicial district. The facts are as follows:

Appellees Tabor, Saunders, Hunt, and H. D. Fulwiler, are residents of Stephens county, Tex.; appellee W. J. Fulwiler is a resident of Taylor county, Tex., and appellee Schuyler Marshall is a resident of Dallas county, Tex., all of said appellees are defendants in the suit in the district court of Dallas county. Appellant Texas Employers' Insurance Association is a state agency, created by act of the Legislature, and appellant Employers' Casualty Company is a private corporation, incorporated under the laws of Texas. Both of appellants are plaintiffs in the suit in said court.

W. J. Fulwiler operated a business in the city of Abilene, Taylor county, Tex., under the trade-name of Fulwiler Motor Company, formerly with a branch business under the same name in Stephens county in charge of appellee H. D. Fulwiler, and had issued to him, under his trade-name, by the Texas Employers' Insurance Association, a workmen's compensation and employers' liability policy of insurance. Tabor secured judgment in the district court of Stephens county in the Ninety-Second judicial district, under the terms of said policy, on the alleged grounds that he was an employé of the Fulwiler Motor Company, and was injured in the course of his employment. This judgment was rendered July 11, 1924. An appeal was perfected in said cause, and the record duly filed in the proper Court of Civil Appeals on November 5, 1924, and thereafter duly affirmed by the Court of Civil Appeals. 274 S. W. 309. A writ of error was granted by the Supreme Court, and the case was later affirmed by the Supreme Court (283 S. W. 779); the record being filed in the Supreme Court on the 25th of November, 1925. The Ninety-Second district court in Eastland county was a special district court, and by the terms creating it, and by an amendment extending the time, ceased to exist on April 15, 1925. On the 14th day of March, 1925, the district court of the said Ninety-Second district duly entered an order to the effect that all cases then pending in that court, both civil and criminal, including all motions and papers, "are hereby transferred to the Ninetieth judicial district court for Stephens county" This order was duly entered on the minutes of said court for the Ninety-Second judicial district, and in obedience thereto this case was transferred to the Ninetieth judicial district. At the time of this transfer, the case was pending on appeal in the Court of Civil Appeals. When the case was affirmed by the

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Supreme Court, the mandate was filed in the district court for the Ninetieth judicial district, and an execution duly issued out of said court.

An alias execution was later issued to the sheriff of Dallas county, and placed in the hands of appellee Marshall as sheriff of said county, for the purpose of satisfying the judgment. Before the levy on any property under this execution, appellants duly filed this suit in the district court for the Ninety-Fifth judicial district in Dallas county, seeking to have this judgment set aside for alleged fraud and to enjoin the sheriff from service of the execution. A temporary writ of injunction was duly issued under order of the judge of the Ninety-Fifth judicial district, served on said sheriff, and returned to said district court. The cause was then transferred to the Sixty-Eighth judicial district in Dallas county. All of the appellees save Marshall at once filed a plea of privilege, alleging their residence as stated above, and all of them, save W. J. Fulwiler, praying that the suit be transferred to Stephens county; the latter praying that it be transferred to Taylor county. Appellants duly filed a controverting affidavit, seeking to hold venue on the alleged ground that the suit was a joint cause of action against all of appellees, and that one of them, to wit, Sheriff Schuyler Marshall, resided in Dallas county, and that under exception 4 of article 1995, R. S., venue of the suit was properly laid in the district court in Dallas county. Appellees excepted to said affidavit on various grounds, among them being one to the effect that the venue of this suit was controlled by article 4656, R. S., as shown by the petition for injunction, and was also controlled by subdivision 17, art. 1995, R. S.; it appearing on the face of the petition that it was a suit to enjoin the judgment of the district court of Stephens county. These exceptions were overruled by the court, but, on a hearing of the plea on its merits, in which the above-recited facts were shown, the court sustained the plea of privilege and entered the order of transfer.

The first portion of article 4656, which applies to suits of this character, reads:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. * * * *"

Subdivision 17 of article 1995, reads:

"Suits to enjoin the execution of a judgment or to stay proceedings in any suit shall be brought in the county in which such judgment was rendered or in which such suit is pending."

Subdivision 30 of said article reads:

"Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

[1, 2] Appellants contend that these statutes have no application to the instant case, because the district court that rendered the judgment is not now in existence, and, of course, the case could not be transferred to this court. They also contend that, as the cause was pending on appeal when this case was transferred to the district court of the Ninetieth judicial district in Stephens county, the transfer was ineffectual, in that the district court for the Ninety-Second judicial district had lost all jurisdiction of the case by the appeal and could not enter the order of transfer, and that, within the meaning of above statutes, there is now no judgment in any existing court to which this suit would be returnable. We cannot agree to any of these contentions. When the order of transfer was made, the case was still pending in the district court of Eastland county, notwithstanding the appeal, and, as the power of transfer from one district court in Stephens county to the other is given by the act creating the special district court, it was a valid transfer of the case to the Ninetieth judicial district. Perforce the transfer, it became the proper court for the return of the mandate issued by the Supreme Court and the proper court to enforce the collection of the judgment, by means of the issuance of an execution against the judgment debtor. When the district court for the Ninety-Second judicial district ceased to exist as a court in Stephens county, and, the said cause having been legally transferred to the district court for the Ninetieth judicial district in Stephens county, the latter court became and is, within the meaning of article 4656, the court in which "such judgment was rendered."

[3] The judge of the Ninety-Fifth judicial district had the power to issue the writ of injunction, but under article 4656, R. S., had no power to try the case; that power being specifically vested in the district court of the Ninetieth judicial district. It was the duty of the judge of the Ninety-Fifth judicial district to order the writ of injunction returnable to the district court of Stephens county for the Ninetieth judicial district, and that duty still rested on the court at the time the pleas of privilege were filed. It follows, therefore, that, as the district court of the Ninetieth judicial district in Stephens county is given by statute exclusive venue to try this case on its merits, there is no error in the judgment of the court sustaining the plea of privilege and ordering the case transferred to the district court in Stephens county for the Ninetieth judicial district. Price & Beaird v. Eastland County Land & Abst. Co., et al. (Tex. Civ. App.) 211 S. W. 478; Baker v. Ry. Co., 107 Tex. 566, 182 S. W. 287; Ferguson v. Fain (Tex. Civ. App.) 142 S. W. 1184; Lester

v. Gatewood et al. (Tex. Civ. App.) 166 S. W. 389.

It is the opinion of the court that this case should be affirmed.