**GRIMES et al. v. STAFFORD et al.**
**No. 9722.**

Court of Civil Appeals of Texas. Austin.
May 26, 1948.

Rehearing Denied June 16, 1948.

Wm. E. Davenport, of San Angelo, for appellants.

W.S. Leslie, of San Angelo, for appellees.

RAYMOND GRAY, Justice.

Appellants, Montie Grimes, Wm. E. Davenport and T. L. Salvato, filed their petition in the 51st District Court of Tom Green County, praying that Mrs. Mary Stafford, W. S. Leslie, her attorney, and J. F. Bryson, Sheriff of said County, be restrained from levying a writ of execution issued on a judgment of the County Court of said County, and for right to injunctive relief they rely on the following facts and circumstances:

On May 28, 1947, Mrs. Mary Stafford, by her attorney, filed suit against Montie Grimes in the Justice Court of Precinct 1, Tom Green County, for forcible detainer of a building located in San Angelo, Texas, and on June 10, 1947, took judgment by default. On June 12, 1947, Montie Grimes took an appeal to the County Court of said County, with Wm. E. Davenport and T. L. Salvato sureties on his appeal bond. On July 10, 1947, the cause came on for trial, Montie Grimes filed plea in abatement attacking the sufficiency of the complaint filed in the Justice Court. It appears that at the hearing on this plea Wm. J. Garner had made the affidavit as agent for Mrs. Stafford, but the notary did not sign his name or attach his seal to his jurat. (The record before us does not show whether the affidavit was or was not amended in the County Court, neither does it show

what recitals, if any, were contained in the Justice Court or County Court judgments as to service of citation. The court overruled the plea, the cause proceeded to trial, and judgment was rendered for plaintiff for $60 for detention of the property and $75 attorney's fees. (We assume the judgment was also for possession of the property alleged to have been detained.) On August 22, 1947, execution on the County Court judgment was issued and placed in the hands of the sheriff.

 Appellants presented their petition for injunction to the District Judge on August 25, 1947, wherein they alleged the County Court judgment is void because of the alleged insufficiency of the affidavit above mentioned to support any citation for the reasons stated above. Temporary relief was granted and the matter set for hearing August 29, 1947. This restraining order was continued in force from time to time until January 13, 1948, when a hearing was had, the temporary restraining order dissolved, and the injunction denied. From this order denying the injunction, appellants have appealed. The record before us does not contain a copy of the County Court or the Justice Court judgment, nor a statement of facts showing the tenor or effect thereof. For this reason we cannot say the judgment is void on its face, neither can we say it is void by the record. The burden was and is on appellants to show the judgment to be void, but the judgment of the District Court imports this burden was not discharged.

If County Court judgment was voidable only and not void, the District Court was without jurisdiction to enjoin its enforcement for the reasons assigned in the petition. Cotton v. Rhea, 106 Tex. 220, 163 S.W. 2; Baker v. Crosbyton Southplains R. Co., 107 Tex. 566, 182 S.W. 287. The questions presented by the plea in abatement were questions the County Court had jurisdiction to determine, and even if erroneous, as appellants contend, this judgment is conclusive until set aside by proper proceedings. Roberts v. McCamant, 70 Tex. 743, 8 S.W. 543. And any such alleged errors could not be made available to appellants in support of this collateral attack on the judgment or furnish a basis for equitable relief against its enforcement. Abilene Ind. Tel. & Tel. Co. v. Williams, 111 Tex. 102, 229 S.W. 847.

The proceeding by appellants being to enjoin the enforcement of the County Court judgment and that judgment not being void, a collateral attack against it cannot be maintained in the District Court. Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377; Sharp v. Hall, Tex.Civ. App., 49 S.W.2d 523 (error ref.).

Finding no error in the action of the trial court in dissolving the temporary restraining order and refusing the injunction, the judgment is affirmed.

Affirmed.