EUGENE GREENWAY V. M. H. DE YOUNG ET AL.

Decided February 20, 1904.

**1.—Citation by Publication—Recitals in Judgment.**

A recital in a judgment that the defendants had been duly cited, followed by the statement that they had been cited by publication, shows a citation by publication, as the recital is construed in connection with the whole record.

**2.—Judgment Against Nonresidents—Void Sale.**

Where in an action against nonresidents cited by publication there was a judgment by default with foreclosure of lien and sale of the property involved, and then execution issued for an unsatisfied balance and was levied on another tract of land, the sale of the latter tract was void because made in satisfaction of a personal judgment against nonresidents.

**3.—Same—Evidence—Pleadings.**

In an action of trespass to try title brought by the nonresidents to recover the land so sold under execution it was permissible for plaintiffs to put in evidence a certified copy of the petition in the former action against them, stating their residence to be in another State, and showing an affidavit by the attorney for plaintiffs in that suit for service on them by publication.

**4.—Same—Evidence—Harmless Error.**

Parol evidence aliunde the record in the former suit was not admissible to show that the defendants therein were nonresidents, but its admission was harmless error where the record itself so showed, and the trial in the latter action was before the court without a jury.

**5.—Same—Immaterial Finding.**

A finding that since the judgment in the former suit the defendants therein have remained nonresidents, was immaterial.

Appeal from the District Court of Van Zandt. Tried below before Hon. R. W. Simpson.

*W. J. Greer* and *Lively & Stanford,* for appellant.

*Wynn & Blanks,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This was an action of trespass to try title to 960 acres of the A. Dutcher survey of land in Van Zandt County, brought by the appellees against the appellant; the plaintiffs claiming title to the same as the heirs of Michael De Young, assignee of A. Dutcher, and the defendants deraigning title to the same through a judgment against the plaintiffs as the heirs of Michael De Young, rendered in the District Court of Montgomery County, Texas, on May 20, 1859. Upon a trial of the cause before the court, without a jury, April 16, 1903, judgment was rendered for plaintiffs against defendant for all the land sued for, and for the intervener against plaintiffs for one-half of the land recovered by them from the defendant. Thereafter defendant filed his motion for a new trial, and the same was by the court overruled, to which action of the court the defendant excepted, and perfected his appeal to this court.

It is contended that the court erred in admitting in evidence the certified copy of the original petition in cause No. 1157, filed in the District Court of Montgomery County, Texas, wherein E. M. Greenway was

plaintiff and Amelia De Young et al. were defendants, together with the affidavit of N. Hart Davis of the nonresidence of the defendants in said cause. The defendant objected to the introduction of this testimony, and the objections were overruled, and defendant took his bill of exception. The defendant had previously introduced in evidence the judgment in said cause No. 1157, which contained the following recitation: "And it appearing to the satisfaction of the court that the defendants had been duly cited, and this is the second term of the court since they were cited by publication to appear and answer plaintiff's petition, and the defendants, Amelia De Young and others (naming them), having failed to appear and answer in this behalf, but wholly made default; whereof the said plaintiff ought to recover against them his damages, etc., * * * and the defendants, Virginia, Amanda, Laura, Charles, Michael and Benjamin De Young, by their guardian, A. Hemphill, Esquire, and then come on to be heard."

These recitals do not show service other than by publication. The statement that the defendants had been duly cited, followed by the statement that they had been cited by publication, restricts the first recital to the manner of service set forth in the last statement. The purpose of the last recital seems to have been to show the kind of service had. Generally the recital of jurisdiction or of service of process contained in the judgment will be construed in connection with the whole record, and will be deemed to refer to the kind of service shown by the other parts of the record. Freeman, Judgm., sec. 130.

Looking to the recitals in the petition in that case, together with the affidavit of plaintiff's attorney attached thereto, in connection with the recitals in the judgment, it clearly appears that all the defendants were nonresidents of the State of Texas at the time that suit was filed, and that they were cited by publication only. No other conclusion can be fairly drawn therefrom. The petition gives the residence of each defendant in a State other than Texas. The plaintiff's attorney attached thereto his affidavit that the defendants were nonresidents of Texas. Citation for publication then issued to defendants, and was published for four consecutive weeks.

The judgment shows that it was by default. The recitation that A. Hemphill, as guardian ad litem appeared for certain defendants, has reference to his appointment as such by the court to represent minor defendants under a statute which made it the duty of the court to make such appointment. Pasch. Dig. Laws, art. 1446; Foote v. Sewall, 81 Texas, 659.

The suit in Montgomery County was to recover on three notes executed by Michael De Young, and to foreclose a mortgage executed by him and his wife, Amelia De Young, on 640 acres of land situated in that county. The suit resulted in a judgment for plaintiff for the amount of the notes and a foreclosure of his mortgage lien. The property was sold under the order of court, and failed to bring the amount of the judgment. An execution issued to collect the unsatisfied part of

the judgment and was levied upon the land in question, and appellant became the purchaser under the execution sale. The court had jurisdiction over the parties to foreclose the mortgage, that being a proceeding in rem. The balance of the judgment remaining after the sale of the mortgaged property was a judgment in personam and was void, and a sale of real estate made by virtue of an execution issued thereon conveyed no title to the purchaser. Pennoyer v. Neff, 95 U. S., 714; Freeman v. Alderson, 119 U. S., 190; Foote v. Sewall, 81 Texas, 659; Taliaferro v. Butler, 77 Texas, 578; Martin v. Burns, 80 Texas, 676, 16 S. W. Rep., 1072.

It is contended that the court erred in admitting in evidence the depositions of Mrs. Cordelia Elkus, wherein she testified "that Michael De Young died in the spring of 1854 between Memphis and New Orleans, and that Amelia De Young, nor any of the heirs of Michael De Young, lived in Texas, or was in Texas on the 22d day of April, 1858, nor have they ever lived here since." This testimony was admitted over the objection of plaintiff [defendant] and he took a bill of exception to the ruling and has duly assigned error to the court's action.

The rule is that a domestic judgment of a court of general jurisdiction upon a subject matter within the ordinary scope of its powers and proceedings is entitled to such absolute verity that in a collateral action, even where the record is silent as to notice, the presumption, when not contradicted by the record itself, that the court had jurisdiction of the person also is so conclusive that evidence aliunde will not be admitted to contradict it. Fitch v. Boyer, 51 Texas, 44, and authorities there cited.

Tested by this rule the court ought not to have admitted the testimony. This error, however, does not require a reversal of the judgment. The cause was tried by the court and there was sufficient competent evidence before the court to support the judgment, and we must conclude the court based his judgment upon such evidence. First National Bank v. Greenville Oil Co., 60 S. W. Rep., 828.

It is insisted that the trial judge erred in his second conclusion of fact, wherein he found that the defendants in cause No. 1157, E. M. Greenway v. Amelia De Young et al., in the District Court of Montgomery County, Texas, were at the time of filing said suit and have since been nonresidents of the State of Texas. The record of the cause in Montgomery County, as previously stated, shows that the defendants therein were nonresidents of Texas at the time of the institution of said suit and at the date of the judgment. The finding that they have since remained nonresidents of Texas was unnecessary and becomes, under the facts shown, immaterial. It could not have affected the judgment of the court.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*