FARMERS' & MERCHANTS' STATE BANK
OF BALLINGER v. CAMERON et al.
(No. 842.)

(Court of Civil Appeals of Texas   El Paso.
May 9, 1918.   Rehearing Denied
June 6, 1918.)

1. USURY ⚬═137 — STATUTORY PENALTIES —
"PAYMENT."
Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 4982, providing for the recovery of double
the amount of usurious interest paid, taking by
creditor under sale by virtue of a mortgage in
satisfaction of the usurious portion of the debt
was a payment, entitling mortgagor to recover.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Pay-
ment.]

2. APPEAL AND ERROR ⚬═690(2) — MATTERS
REVIEWABLE—ASSIGNMENTS OF ERROR.
Assignments of error in admitting evidence
cannot be considered where the bills of excep-
tions do not disclose what the evidence objected
to was.

3. MORTGAGES ⚬═292(3)—PURCHASE OF MORT-
GAGED PROPERTY—ASSUMPTION OF DEBT—
PERSONAL LIABILITY.
Where creditor under a trust deed bought
at a trustee's sale, and for the purpose of
protecting its title, purchased a prior mortgage
which had been assumed by the grantor in the
trust deed, it is entitled to be subrogated to the
senior lien, but the land is the primary fund for
its payment, and such mortgage must be first
foreclosed, after which it may have judgment
for any deficiency.

Appeal from District Court, Runnels Coun-
ty; Jno. W. Goodwin, Judge.

Action by S. M. Cameron and others
against the Farmers' & Merchants' State
Bank of Ballinger. Judgment for plaintiffs,
and defendant appeals. Affirmed.

Jno. I. Guion and M. C. Smith, both of
Ballinger, for appellant. Snodgrass, Dibrell
& Snodgrass, of Coleman, and R. B. Truly,
of Ballinger, for appellees.

HARPER, C. J. This is a suit to recover
the statutory penalty for collecting usurious
interest, based upon the following allega-
tions: D. A. Cameron, Sr., and D. A. Cam-
eron, Jr., and S. M. Cameron executed their
joint note for $10,530, with 10 per cent. in-
terest, payable to the Farmers' & Merchants'
State Bank of Ballinger, dated March 31,
1914, payable January 1, 1915, secured by
deed of trust of even date, upon certain lands,
containing provisions for sale in case of fail-
ure to pay the note and interest; that there-
after the note became due and unpaid, and
defendant bank requested the trustee to sell
the lands. After advertisement, the trustee
sold for the purpose of paying the balance
due, which was alleged to be the full amount
of the note, less credits to the amount of $1,-
106.60; that all of the lands were sold and
bid in by the defendant bank for $8,750, be-
ing the highest bid, and deed was executed.
Said amount was credited upon the note.

That said note ($10,530) was made up of
money loaned as hereafter stated, and usuri-
ous interest thereon carried forward into it
from previous renewal notes, and interest
carried into them in advance from date of
maturity. Here follows a complete descrip-
tion and history of each note, overdrafts,
etc., giving its date and amount, the amount
of usury in each note, overdraft, etc., show-
ing how the totals make up the $10,530 note.
And further allege that at the time of the
execution of the latter note there was in
fact due only $5,007.35, and that the balance
was usurious. Appellees represent that by
the sale of said property, on April 6, 1915,
the appellants collected from the appellees
and D. A. Cameron, Jr., $5,007.35, principal
money actually due, and the further sum of
$3,742.65, usurious interest, to wit, $7,485.30;
and, in the alternative, if the court should
hold that they were not entitled to recover
said penalties, sought to recover the differ-
ence between the amount of said bid, $8,750,
and the amount of actual indebtedness due,
to wit, said sum of $3,742.65. The defend-
ant pleaded general demurrer and numer-
ous special exceptions, and by cross-action
asked for judgment for note, and interest
which was prior lien upon certain tracts of
the land sold and purchased by appellants.
By many assignments and propositions ap-
pellant charges error in overruling its gen-
eral demurrer and special exceptions to
plaintiff's petitions, original and supplemen-
tal. The petition clearly sets up the facts
which constitute usurious interest, and the
amount of such interest, and the amount of
unpaid principal of other notes and over-
drafts incorporated in the latter note.

[1] The question then arises, Does the pe-
tition charge a payment? The statute (ar-
ticle 4982, Vernon's Sayles'), provides for a
recovery of double the amount of usurious
interest paid, and no penalty is fixed for a
charge of such. Clayton v. Ingram, 107 S.
W. 880. The allegation is that, the appel-
lant having a mortgage upon certain lands to
secure the payment of the $10,530 note, caus-
ed the trustee to make sale thereof in ac-
cordance with the provisions of the mortgage,
and of law, and that, appellants being the
highest bidder, having bid $8,750, their bid
was accepted, and deed to the land executed
by the trustee to it, and the amount credited
upon the note, and that this constituted pay-
ment of usurious interest to the amount of
the difference between $5,007.35 lawfully due
and the amount of the bid.

Appellant contends that, this being an in-
voluntary payment, by reason of the fact
that it was a sale under mortgage, the debt-
or may not thereafter elect to set up that the
proceeds of the sale was applied to the usuri-
ous portion of the debt, in order to place
himself in a position to sue for the penalty,
because the title passes by virtue of the val-

id portion of the debt, and not the invalid portion, and that the bid is equivalent to no bid at all, to the extent of the usury. It is true that purchaser obtains title by virtue of the valid portion of the debt, and to maintain a suit to set aside the sale the debtor must have tendered the amount of the valid portion of the debt (Hemphill v. Watson, 60 Tex. 679), but we have no such case here, but, to the contrary, have a sale of $15,000 worth of property purchased at trustee's sale by the creditor for a valid debt of only $5,007.35, with a credit of the amount of the bid upon the note, which constitutes a taking of property for the usurious portion of the note; and it seems to us that, if, where property is voluntarily taken in payment of a usurious debt, it is the basis for a suit for the statutory penalty (Stewart v. Briggs, 190 S. W. 221), surely the statute must apply to a taking under sale by virtue of a mortgage in satisfaction of the usurious portion of the debt. For had the trustee been instructed to sell sufficient land to satisfy the lawful portion of the note, evidently a much less acreage should have been sold.

[2] Certain assignments charge error in admitting evidence over the objection of appellant; are overruled because the bills of exceptions do not disclose what the evidence objected to was.

The twentieth, twenty-first, and twenty-second urge that the court should have rendered judgment for it upon the cross-action as an offset.

[3] R. A. Terry and wife, being the owner of certain of the tracts of land sold by the trustee above noted, April 8, 1908, executed a deed of trust upon them to the British American Mortgage Company for $3,000. In January, 1910, said Terry and wife conveyed said tracts to appellees, who assumed the indebtedness. In July, 1912, appellees entered into a written agreement for the extension of time of payment of the note to the mortgage company. The appellant, after the sale by the trustee, and deed executed to it to the lands, for the purpose of protecting its title, purchased the entire indebtedness of the mortgage company, and the latter thereupon assigned to appellant the note, etc., and its mortgage. Upon this showing, appellant in cross-action, asked personal judgment against appellees for the amount.

Under these facts, the appellants would be entitled to be subrogated to the rights of the senior lien. Bank v. Walker, 187 S. W. 725; K. & Bro. v. Willard, 191 S. W. 195. But under the case of Harris v. Masterson, 91 Tex. 171, 41 S. W. 482, the lands in question became a primary fund for the debt, and appellant's remedy is to first foreclose his lien, and if, by sale, the lands do not satisfy the claim evidenced by the senior mortgage, it may have a personal judgment for the unsatisfied portion of the debt.

Affirmed.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.