EDWARD CARR, trustee in bankruptcy, *vs.* VICTORIA WIGHT & another.

Middlesex.    January 13, 1927. — April 4, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To recover property conveyed in alleged preference of creditors. *Bankruptcy,* Preference. *Husband and Wife.*

A mortgage of real estate standing in the name of a wife, made within four months of the adjudication of her husband as a bankrupt and to secure the payment of a note given by her husband for the payment of a past indebtedness of his, the mortgagee knowing that the husband was in financial distress and that there was no property with which to secure payment of the debt other than the property standing in the wife's name, will not be set aside as a preference under the national bankruptcy act in a suit in equity, brought by the trustee in bankruptcy of the

husband to have the interest of the husband in the real estate conveyed to the plaintiff, where it appears that nearly a year before the bankruptcy the real estate was purchased by the husband and put in his wife's name in circumstances which made the conveyance in fraud of the husband's creditors and one that could have been avoided by proper proceedings on behalf of a creditor, but that no such proceedings were taken; and it does not appear that the mortgagee had notice or knowledge that the wife was not the real owner of the mortgaged premises or that her husband had any interest therein.

BILL IN EQUITY, filed in the Superior Court on June 2, 1924, against Victoria Wight, Alfred Wight, and George H. Locke, for a decree ordering conveyance to the plaintiff, trustee in bankruptcy of Alfred Wight, of all the interest of the defendant Alfred Wight in certain real estate in Ashland standing in the name of his wife, the defendant Victoria Wight, discharged from the encumbrance of a mortgage given by the wife to the defendant Locke and alleged by the plaintiff to have been given as a preference under the national bankruptcy act.

In the Superior Court, the suit was heard by *Morton*, J. Material facts found by the judge, without a report of the evidence, are described in the opinion. By order of the judge, a final decree was entered declaring the mortgage to the defendant Locke valid, and ordering the defendant's wife to convey the real estate to the plaintiff subject to a first mortgage and to the mortgage to Locke.

The plaintiff alone appealed.

*J. L. O'Neill*, (*E. Carr* with him,) for the plaintiff.

*A. B. Cenedella*, for the defendants.

CROSBY, J. On June 28, 1923, the defendant Alfred Wight was adjudicated a bankrupt and the plaintiff was duly appointed trustee of his estate. The trial judge made the following findings and rulings: In August, 1922, Wight purchased a parcel of real estate, taking a deed in the name of his wife, the defendant Victoria Wight. He paid as part of the purchase price $1,700, and with his wife executed a mortgage for the balance. A short time thereafter they gave on the same property a mortgage to a coöperative bank for $4,500, out of which the prior mortgage was paid and the balance was used by Wight in his business. In May, 1923,

Wight applied to the defendant Locke for further credit in excess of $1,500 then due to the Locke Lumber Company, and to obtain such credit gave to Locke a note signed by himself and his wife, secured by a mortgage upon said real estate for $1,500, also signed by himself and his wife. "Locke at the time knew that the defendant Wight was in financial distress, and that there was no other property with which to secure him, except the property standing in the wife's name. No further credit was actually given." The note and mortgage were taken in payment of past indebtedness. The bill in part seeks to set aside this mortgage on the ground that it was a preference. The wife paid nothing for the land. The husband had the property placed in the name of the wife in order that she and his children might have a home, but he said nothing to her of this purpose. She executed the mortgages at his request to enable him to raise money to carry on his business, "apparently on the assumption that he still retained control of the property. I find that he intended to keep such control and did keep it." The judge further found that at the time the property was put in his wife's name, Wight was deeply in debt; that the conveyance was in fraud of his creditors, and that they could have avoided it by proper proceedings as against the wife. No such proceedings were taken. As the evidence is not reported these findings must stand. The judge ruled that the bill would not lie against Locke; that he had a right to assume that the property belonged to the wife; and that he was not put upon inquiry to determine the husband's interest therein.

This is not a case where real estate, title to which stands in the name of the bankrupt, is by him transferred or mortgaged to one of his creditors. Here the title stood in the name of the bankrupt's wife, and Locke took the mortgage to secure a debt without notice or knowledge that she was not the real owner or that her husband had any interest therein. In these circumstances the court rightly ruled, in substance, that the mortgage was not a preference and therefore was not invalid under the bankruptcy act.

As the rights of the plaintiff as trustee in bankruptcy against the defendants other than Locke are not before us, they need not be considered.

*Decree affirmed with costs of the appeal.*