**BRAY et al. v. FIRST NAT. BANK OF MERTZON. (No. 7266.)**

Court of Civil Appeals of Texas. Austin. Oct. 10, 1928.

Rehearing denied Oct. 31, 1928.

Saunders & Atchison, of Breckenridge, for appellants.

A. K. Doss, of Abilene, and Collins, Jackson & Snodgrass and H. E. Jackson, all of San Angelo, for appellee.

BLAIR, J. Appellants sued in the nature of a bill of review after time for an appeal or writ of error had expired, seeking to set aside a judgment for appellee against appellant Bray, and a judgment for appellee against appellant United States Fidelity & Guaranty Company, in an ancillary garnishment suit, each rendered by the district court of Runnels county.

The suit arose out of the following facts and proceedings:

December 7, 1925, appellee sued Bray in the district court of both Tom Green and Runnels counties, on an alleged indebtedness in each case of $4,468.30, and caused a writ of garnishment to issue out of the Runnels county suit to First National Bank of Ballinger, garnishee, and on the same day Bray filed his replevy bond with appellant guaranty company as surety, withdrawing the sum of $1,324.05, impounded under the garnishment writ. On February 9, 1926, Bray filed in the Runnels county suit his plea of privilege to be sued in Stephens county, his alleged domicile, which was duly controverted by appellee February 13, 1926. Bray was not given the statutory notice of the filing of this controverting plea, and the court adjourned February 27, 1926, without entering any order with reference to the plea of privilege. On April 9, 1926, Bray filed a motion to dismiss the controverting plea to his plea of privilege, because no notice of its filing had been given him during the term at which it was filed, and because the court lost jurisdiction of the case by failing to pass on the plea of privilege during the term at which it was filed. This motion was overruled November 10, 1926, without an exception being taken by appellant.

By a first amended original petition, filed September 4, 1926, in Tom Green county suit, appellee, by a separate count, sued not only for debt, but for recovery of certain personal property and for damages for conversion of certain personal property alleged to have been taken from its possession by Bray and his associates. On September 28, 1926, Bray filed a plea in abatement, pleading the pendency of the Runnels county suit, in bar of recovery; or, in the alternative, to require appellee to elect which suit it would prosecute, alleging the suits to be based upon the same cause of action, to which plea he attached certified copies of certain pleadings filed in the Runnels county suit, including his motion to dismiss appellee's controverting affidavit to his plea of privilege. The plea in abatement was heard and taken under advisement in the Tom Green county suit, and later, January 3, 1927, it was overruled, and then judgment was rendered for appellee against Bray for $4,468.30, and for title to certain described personal property. Appellant was notified of these proceedings, but did not perfect an appeal or writ of error from that judgment.

On February 8, 1927, without notice to appellants, the Runnels county court heard and overruled the plea of privilege, and on the same day rendered the judgments here complained of, which were by default, and from which no appeal or writ of error were perfected.

Appellants alleged that they had no notice of the last proceedings in the Runnels county suit until shortly before filing this suit, January 19, 1928.

On the hearing appellants were denied the relief sought, and have prosecuted this appeal, contending as follows:

1. That since Bray's plea in abatement was overruled, and since appellee prosecuted its Tom Green county suit to final judgment on the same cause of action asserted in the Runnels county suit, it was thereafter estopped, and is now estopped, to further prosecute the last-named suit. By way of a preliminary, we do not consider this suit either a direct or a collateral attack upon the judgment rendered in the Tom Green county suit. If it were, appellants' appeal must fall immediately, because, if they have alleged a meritorious defense to the judgments complained of, it rests solely on the ground that appellee had already taken a judgment in the Tom Green county suit upon the identical cause of action asserted in the Runnels county suit.

But be that as it may, we do not sustain the contention made for the following reasons:

(a) While appellants alleged that the suits were based on the same cause of action, they failed to prove the allegation. On the issue appellants offered certified copies of certain pleadings, judgments, and orders filed in the suits, and the oral testimony of their attorney with reference to certain steps taken by him in defense of the suits. No evidence was offered showing or tending to show that these were all the pleadings or proceedings had in the cases, nor that the causes of action were identical. It is true the pleadings declare on a debt of similar amount and probably incurred and due on the same day, but pleadings do not substitute for proof that the debt sued on in both suits was the same or only one debt, and no proof was offered on that issue. In fact, and as above stated, the pleadings show the suit in Runnels county was for debt alone; whereas the Tom Green county suit was not only for debt, but was also to recover certain personal property and for damages for conversion of certain other personal property by Bray and his associates; and in this connection the judgment in the Tom Green county

suit awards a recovery of $4,468.30, but does not recite if it is for debt or damages for conversion of property as alleged, and also awards, in addition, title to certain personal property. See, in this connection, Williams v. Steele, 101 Tex. 382, 108 S. W. 155; Greenway v. DeYoung, 34 Tex. Civ. App. 583, 79 S. W. 603; Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Treadway v. Eastburn, 57 Tex. 209.

■ (b) But even if it had been shown that the causes of action were identical, and that the judgment in one would have barred the other, appellants are not in position to assert that defense here because they have waived same—in the Tom Green county case by failing to appeal from the order overruling the plea in abatement and final judgment on the merits; and in the Runnels county case by failing to plead identity of the causes, and the former judgment in the Tom Green county case; and by failure to appeal from the judgments complained of. Certainly appellants should have pleaded and proved good reason or excuse for not filing such pleas in the Runnels county suit, before they would be entitled to a judgment in this, an equity proceeding. Colorado River Syndicate v. Alexander (Tex. Civ. App.) 288 S. W. 586; Stoudenmeier v. First Nat. Bank (Tex. Civ. App.) 246 S. W. 761; Drinkard v. Jenkins (Tex. Civ. App.) 207 S. W. 353. This they have not done. The mere fact that they had no actual notice of the action of the court in overruling the plea of privilege and rendering the judgments complained of furnishes no reason or excuse under the facts, for when Bray filed his replevy bond, his plea of privilege, and later his motion to dismiss appellee's controverting affidavit to his plea of privilege, he made his appearance in the case for all purposes, waived the statutory notice of the filing of the controverting affidavit to his plea of privilege, and was charged with notice of all proceedings thereafter had in the case. Smith v. Citizens' Bank (Tex. Civ. App.) 246 S. W. 407; Spivey v. Saner-Ragley Lumber Co. (Tex. Com. App.) 284 S. W. 210; Lindley v. Bank (Tex. Civ. App.) 264 S. W. 159; Landa Cotton Co. v. Watkins (Tex. Civ. App.) 255 S. W. 775; Hewitt v. DeLeon (Tex. Civ. App.) 293 S. W. 301; Edinburg Irrg. Co. v. Ledbetter (Tex. Civ. App.) 247 S. W. 335; Id. (Tex. Com. App.) 286 S. W. 185; Puntney v. Moseley (Tex. Civ. App.) 237 S. W. 1116. And failure of appellants to look after or inquire about the proceedings in the case for more than a year after they filed their last pleadings therein, and for more than 11 months after final judgments therein, charges them with negligence as a matter of law, and because of this negligence they are not entitled to the equitable relief sought.

■ (c) Nor have appellants pleaded or proved a meritorious defense to the suit in the event the judgments are set aside. The judgments complained of are regular and valid on their face, reciting necessary jurisdictional facts. This is purely an equitable proceeding to set aside these judgments, after time for an appeal or writ of error had expired, on the sole ground that a judgment on the same cause of action had already been taken in another jurisdiction. It was neither alleged nor proved that appellants had paid that judgment; nor that they were about to be compelled to do so; and, under such circumstances, the taking of the judgment on the same cause of action, if such were a fact, in two jurisdictions may be regarded as a mere irregularity, and from which irregularity the appellants have shown no resulting injury.

■ 2. Appellants also insist that the judgments complained of are void because it is contended that upon the filing of the plea of privilege by Bray, and failure to give him the statutory notice of the filing of the controverting plea thereto at the term to which the plea of privilege was filed, and failure to pass on the plea of privilege at the term filed, deprived the court of further jurisdiction of the case. But appellants clearly waived the statutory notice of the filing of the controverting affidavit when Bray appeared at a subsequent term and filed his motion to dismiss the controverting plea, which was overruled without exception on his part.

■ The law is also settled that where the court of its own motion continues a plea of privilege to a subsequent term to the one at which it was filed, it will be presumed that the business of the court required such action. Davis v. Southland Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298.

■ Appellants further contend that the judgment against appellant United States Fidelity & Guaranty Company was void because rendered on a bond so defective as to destroy it as a statutory bond on which a summary judgment might be based. The contention is based on the fact that the bond was made in the penal sum of double the amount of the funds impounded under the garnishment writ, instead of double "plaintiff's debt," as required by statute. The contention is wholly without merit. Whether the bond is so defective as a statutory bond as to not authorize a summary judgment thereon does not appear to be material. Whether so or not, the filing of it constituted an appearance in the case by this appellant for whatever common-law liability may have arisen against it as surety on the bond, and there is nothing either in the judgment or evidence to show that the court did not base its judgment against this surety on its common-law liability on the bond filed.

The judgments complained of are at most only voidable, and, as herein stated, appellants are not in a position to attack them in this, an equitable proceeding: First, because they were guilty of negligence in failing to

defend the suits as herein pointed out; and, second, they waived any defects therein by failing to prosecute an appeal or writ of error within the time prescribed by law; and, third, because, whether void or voidable, appellants have not tendered by pleadings nor proof any meritorious defense to either cause of action upon which the judgments are based. The following authorities conclusively establish the rule upon which these conclusions are predicated: Southern Surety Co. v. Tex. Oil Co. (Tex. Com. App.) 281 S. W. 1045; Green v. Green (Tex. Com. App.) 288 S. W. 406; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; Colorado Syndicate v. Alexander (Tex. Civ. App.) 288 S. W. 586; Harn v. Phelps, 65 Tex. 592; Squyres v. Rasmussen (Tex. Civ. App.) 296 S. W. 977.

We therefore affirm the judgment of the trial court.

Affirmed.