**CLARK v. MUTUAL LUMBER CO.,**
Inc., et al.

No. 14254.

United States Court of Appeals
Fifth Circuit.

July 24, 1953.

David J. Lewis, Jacksonville, Fla., for appellant.

Lloyd Smith, Herbert Lamson and Taylor Jones, Jacksonville, Fla., Rogers, Towers & Bailey, Jacksonville, Fla., Lamson & Smith, Jacksonville, Fla., for Mutual Lumber Co., Inc., appellee.

Before BORAH, RUSSELL, and STRUM, Circuit Judges.

BORAH, Circuit Judge.

This appeal by the trustee in bankruptcy of Riverview Building & Supply, Inc., bankrupt, is from a summary judgment entered on motion of appellee Mutual Lumber Company, Inc., dismissing appellant's complaint against appellee and from an order entered ex proprio motu dismissing the complaint as to the nominal parties R. C. Dix and Ira Mae Dix.

Appellant instituted this action in the United States District Court for the Southern District of Florida to set aside a mortgage and subsequent foreclosure in the Circuit Court of Duval County, Florida, in favor of appellee as a voidable preference under Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, as amended Mar. 18, 1950, c. 70, § 1, 64 Stat. 22, and applicable Florida law.

The subject matter of the suit is real estate located in Duval County, Florida. The bankrupt corporation never held the legal or record title to the property. The property, which was unimproved real estate, was purchased in the year 1950 by R. C. Dix and Ira Mae Dix, his wife, and title was conveyed to and remained in them until the termination of the foreclosure proceedings hereinafter described. During the

period of their ownership, Dix, who was the president of and a large stockholder in Riverview Building & Supply, Inc., caused a building to be constructed upon the property and same was thereafter used by Riverview Supply as its office, place of business and materials depot. Thereafter, the corporation became involved in financial difficulties and the appellee lumber company, an unsecured creditor of Riverview Supply, began pressing the latter for payment of its debt of $7,709.14. As a result, Dix and his wife on December 9, 1950, executed and delivered to appellee a mortgage upon the property in the amount of the debt payable to appellee corporation as evidenced by their promissory note for said amount. On December 11, 1950, the mortgage was filed for record and recorded in Duval County, Florida, and was specifically made subject to a prior recorded mortgage from Dix and his wife to the Gulf Life Insurance Company.

On January 4, 1951, pursuant to the covenants of the mortgage, a foreclosure suit was filed by appellee in the Circuit Court of Duval County, naming Dix and his wife, Riverview Supply, and its sublessee, New York Terminal Warehouse Company, Inc., as defendants. Service was had upon the defendants in accordance with the laws of the State of Florida and decrees pro confesso were duly and regularly entered against all defendants in the cause. On January 31, 1951, an involuntary petition in bankruptcy was filed against Riverview Supply and on the day following it was adjudicated a bankrupt. There was no attempt by the bankrupt's trustee or other parties to intervene in the state proceeding

and on February 21, 1951, the state court entered its final decree [1] of foreclosure adjudicating the validity of the mortgage, the right of Mutual Lumber Company, Inc., to a foreclosure, and the equities between said company and Riverview Supply with respect to the real estate there, and here, involved. On March 5, 1951, the property was purchased at a foreclosure sale by appellee for a valuable consideration subject to the existing mortgage of Gulf Life Insurance Company and on March 6, 1951, the sale was confirmed by the Circuit Court of Duval County.

The complaint alleged that the funds of the bankrupt were used in the purchase of the property and that the building which was thereafter constructed thereon was in the possession of the bankrupt and was paid for in part with the bankrupt's funds. Further, that the mortgage in favor of the appellee company was executed and delivered at a time when the bankrupt was insolvent and that Dix and his wife intended by this transaction to confer a preference upon appellee, an unsecured creditor. The relief prayed was that there be an accounting and that R. C. Dix and Ira Mae Dix be decreed to have held the title to the property as trustees of the bankrupt; that the legal, as well as equitable, title to the property be vested in the appellant trustee with the right of possession and administration and that appellee be adjudged to have received a voidable preference. To this complaint R. C. Dix and Ira Mae Dix filed an answer admitting generally the facts alleged.

Appellee, answering in its own behalf, set up among other defenses that the Circuit

---

1. The final decree reads in part as follows:
   "* * * 8. The lien of plaintiff upon the mortgaged property hereinafter described is prior, superior and paramount to all rights, claims, liens, interests, encumbrances and equities therein of the defendants, R. C. Dix and Ira Mae Dix, his wife, Riverview Building & Supply, Inc., a corporation, and New York Terminal Warehouse Company, Inc., a corporation, and all persons claiming through or under them since the filing of the lis pendens herein.
   * * * * * * *

"12. Upon such confirmation, the defendants and all claimants by, through or under them, or any of them, shall stand and be forever foreclosed and barred of any and all estates, rights, titles, interest, claims, demands, and equities of redemption in and to the mortgaged property and premises, and every part and parcel thereof, with the appurtenances, and, upon production of the deed of said special master, all and singular, the defendants and claimants as aforesaid, shall surrender up and yield possession of said property to the purchaser thereof at said sale, or his agent thereunto authorized."

Court of Duval County, Florida, a court of competent jurisdiction, had by a final decree adjudicated the legal and equitable rights of the parties, which included all of the parties to this suit or the party under which they claim, and that the final decree of the Circuit Court of Duval County is res adjudicata of the matters involved in this suit. A further defense urged is that appellee accepted the mortgage for value and without notice of any claims of Riverview Supply; that relying upon the record title to the property and upon the mortgage, appellee expended various sums of money in payments to Gulf Life Insurance Company upon its mortgage, in payments of insurance upon the buildings located upon the property, and in payment of costs of foreclosure; and that these payments were made in good faith and without notice of a secret trust arrangement between R. C. Dix and his wife and Riverview Supply. Furthermore, that appellee purchased the property at foreclosure sale for a valuable consideration without notice of the alleged claims of Riverview Supply except that it knew from the public records that said company held the property as a tenant on a month to month basis under an agreement with Dix and his wife, the owners, as this was set out in the recorded sublease agreement[2] between Riverview Supply and New York Terminal Warehouse Company, Inc. By reason of the foregoing, it is alleged that Riverview Supply and its successors in interest, if any, are estopped as to appellee from asserting any contrary claims to the property.

The appellant moved to strike the foregoing defenses upon the principal grounds, (1) that the complaint seeks to set aside an alleged voidable preference and jurisdiction is specifically vested in the courts of the United States; (2) that the trustee was not a party to the proceedings in the state court, and the question as to whether the transaction was voidable under the Bankruptcy Act was neither raised nor adjudicated in the state court proceedings; (3) that no elements of estoppel are or could be alleged as against the right of the trustee to inquire into the transaction in this suit; and (4) that the averments disclose no equity in favor of appellee as against the appellant and if appellee has made any payments in good faith to preserve the property these payments can be allowed in the bankruptcy court as a charge upon the property. After two full hearings the District Judge denied the motion, following which appellee moved for summary judgment on the ground that the pleadings and the stipulated facts which included the state court proceedings showed that appellee was entitled to a summary judgment as a matter of law. Appellant waived notice and consented to the hearing of the motion, and after due presentation, the court below granted the motion and entered summary judgment in appellee's favor. In view of the fact that the summary judgment made no disposition of the cause as to Dix and his wife and since the pleadings show that they were nominal parties against whom no relief was sought other than as predecessors in title of appellee, the court entered a separate order dismissing the suit with prejudice as to them. We think that the action taken by the court is supported by the authorities.

Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, as amended Mar. 18, 1950, c. 70, § 1, 64 Stat. 22, defines a preference as a "transfer, * * * of any of the *property of a debtor* to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four

---

2. The lease provided in part:
  "This lease is a sublease made by the Landlord as lessee under a lease made with the owner of the premises, viz., R. C. and Ira Dix, Jacksonville, Florida, which lease is dated verbal for the term of month to month.
  *    *    *    *    *    *    *
  "The owner of the above described leased premises has been requested to consent to the making of this lease without assuming any of its obligations and without discharging or in any manner modifying any of the terms or conditions of the lease of the above named Landlord with the undersigned except to permit the foregoing subletting. The said owner hereby consents to the making of this lease."

months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class." (Emphasis supplied.) We construe this section to mean that there can be no preference in the absence of any one or more of the statutory elements. In Re Nizolek Furniture & Carpet Co., D.C., 71 F.Supp. 1012, 1013, affirmed 3 Cir., 165 F.2d 788.

It is shown by the record that, prior to the institution of bankruptcy proceedings, the question as to whether Riverview Supply had any title or interest in the property was directly presented to a Florida state court of competent jurisdiction, in a suit in which appellee was the plaintiff and Riverview Supply, the bankrupt, was a defendant. This question was litigated and was finally decided by a decree in which it was determined that the bankrupt and all claimants by, through or under it had no title or interest in the property. Such decree in the state court has not been set aside nor overruled by that court, nor by any appellate tribunal, and is, and at the time of the commencement of the present suit was, conclusive and binding upon the bankrupt and its trustee as to the question of title thereby decided. It is clear that, upon his election as trustee in bankruptcy, appellant herein became vested with title only to such property as belonged to the bankrupt at the time of the commencement of the bankruptcy proceedings, and has no right to have set aside the transfer of property, such as that here involved, which did not according to the decree of the state court belong to the bankrupt.

In Eyster v. Gaff, 91 U.S. 521, 23 L.Ed. 403, the Supreme Court enunciated the rule which is here applicable and which effectively disposes of appellant's argument and said:

"* * * The Bankrupt Act expressly provides that the assignee may prosecute or defend all suits in which the bankrupt was a party at the time he was adjudged a bankrupt. If there was any reason for interposing, the assignee could have had himself substituted for the bankrupt, or made a defendant on petition. If he chose to let the suit proceed without such defense, he stands as any other person would on whom the title had fallen since the suit was commenced.

"It is a mistake to suppose that the Bankrupt Law avoids of its own force all judicial proceedings in the State or other courts the instant one of the parties is adjudged a bankrupt. There is nothing in the act which sanctions such a proposition.

"The court in the case before us had acquired jurisdiction of the parties and of the subject-matter of the suit. It was competent to administer full justice, and was proceeding, according to the law which governed such a suit, to do so. It could not take judicial notice of the proceedings in bankruptcy in another court, however seriously they might have affected the rights of parties to the suit already pending.

"It was the *duty* of that court to proceed to a decree as between the parties before it, until by some proper pleadings in the case it was informed of the changed relations of any of those parties to the subject-matter of the suit. Having such jurisdiction, and performing its duty as the case stood in that court, we are at a loss to see how its decree can be treated as void. * * *"

Other authorities are in accord. Thatcher v. Rockwell, 105 U.S. 467, 26 L.Ed. 949; Stout v. Lye, 103 U.S. 66, 26 L.Ed. 428; Ross v. Carey, 5 Cir., 174 F.2d 872; In re Tinkoff, 7 Cir., 141 F.2d 731; Bryan v. Speakman, 5 Cir., 53 F.2d 463; Brown Shoe Co. v. Wynne, 5 Cir., 281 F. 807; Rader v. Star Mill & Elevator Co., 8 Cir., 258 F. 599; Stark v. Baltimore Soda Fountain Mfg. Co., D.C., 101 F.Supp. 842; Mattair v. Card, 19 Fla. 455; Carr v. Wight, 259 Mass. 83, 156 N.E. 40; Collier on Bankruptcy, 14th Edition Vol. 1, p. 1170; 37 Am.Jur., § 594, pp. 77–78.

The appellant contends that the state court had lost jurisdiction over the proceeding and he could not intervene

therein after the entry of its final decree on February 21, 1951. This contention is implemented by the suggestion that the final decree was in all probability entered before his election, an assumption wholly unwarranted as appellant concedes that the record does not show the date on which he was elected and qualified as trustee. The record standing thus, the issue presented by appellant is purely academic. But meeting appellant on his own ground, we are unwilling to hold that his intervention was barred after February 21, 1951, because the court retained jurisdiction to do equity in enforcement of its final decree until after sale and confirmation thereof and appellant could have intervened at any time during the progress of the cause. See Sapp v. Warner, 105 Fla. 245, 144 So. 481 and Alfred H. Wagg Corporation v. F. L. Stitt & Co., 95 Fla. 748, 116 So. 637.

■ We conclude on the authority of Eyster v. Gaff, supra, and the other authorities cited herein that the judgment rendered in the state court had the effect of estopping the bankrupt and its trustee from asserting or maintaining any matter that might have been offered in that suit to defeat the claim asserted by the plaintiff therein, the present appellee. The remaining contentions of appellant have been carefully considered, but do not merit discussion.

Judgment affirmed.