## CARTER
### v.
### BANK OF CALIFORNIA NAT. ASS'N.
### No. 31854.

United States District Court
N. D. California, S. D.

Dec. 16, 1953.

Louis J. Glicksberg, Sterling Carr, San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, Maurice D. L. Fuller, Carlisle B. Lane, David G. Dunford, San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff, trustee in bankruptcy of Ocean Agencies, Ltd., seeks to recover the proceeds of an alleged account receivable consisting of $4,387.14 paid to the defendant creditor. Plaintiff rests its case on a single legal point.

The assignment of the account receivable was allegedly void because of defendant's failure to comply with California Civil Code Section 3019 which section requires the recordation of a notice of an assignment for the benefit of creditors.

The parties have stipulated to the following facts:

Defendant bank on July 21, 1950, loaned $30,000 to Ocean Agencies, Ltd. The transaction was evidenced by a promissory note for $30,000 secured by an assignment of freight moneys due Ocean Agencies, Ltd., under a charter party and bill of lading from a Philadelphia concern in the sum of $46,000. The bank loaned the money as an advance for the purpose of financing the voyage of the S.S. Othon in the carriage of ore which was represented by the bill of lading.

When the S.S. Othon reached Philadelphia in September 1950 libels in admiralty, in rem and in personam, were filed against the cargo of the vessel and the freights due. The freight debtor deposited the full amount of moneys assigned to the defendant bank in the District Court for the Eastern District of Pennsylvania. Additional sums were likewise deposited, the several libels against the cargoes and freights were consolidated and a commissioner was appointed to take proofs. All persons claiming liens against the freight moneys were cited and directed to file their proofs by October 25, 1950. Defendant bank appeared and filed a libel in rem against the freight moneys. At the conclusion of fourteen months, the several claimants submitted a consent decree to the court, providing for the distribution of the fund. Such decree was approved by the court January 4, 1952, and distribution was thereafter directed under the decree. The defendant received the aforesaid $4,387.14.

Although plaintiff trustee had knowledge of the court proceedings in Philadelphia, he did not appear or intervene on behalf of the creditors.

Defendant bank relies on several defenses, including the court of admiralty's exclusive jurisdiction to try the validity of the assignment to the bank, such assignment being a maritime lien.

■ The general principle of exclusive admiralty jurisdiction has been passed upon adversely by this court in previous cases in which the argument was advanced. Cf. West Kentucky Coal Co. v. Dillman, 8 Cir., 15 F.2d 25.

Defendant asserts that the distribution of the fund by the Admiralty Court constituted an *in rem* judgment which was binding upon the world. The trustee was required to make his appearance and intervene on behalf of the claimants to the instant suit. This he failed to do. He is no longer free to attack any phase of the consent decree in the instant action. Defendant relies upon Clark v. Mu-

tual Lumber Co., 5 Cir., 206 F.2d 643, a case in which the court barred an attempt by a trustee to recover from the mortgagee, property foreclosed, although the foreclosure action was taken by consent in a previous suit.

2 Benedict on Admiralty, 6th Ed., p. 43, holds that the decree disposes of the *res*. Likewise, Admiralty Rule 37, 28 U.S.C.A., so holds. The trustee in bankruptcy, who was free to present his claim in the admiralty litigation, is now bound by the consent decree in the prior admiralty proceeding.

In view of this court's ruling that the trustee may not attack the disposition of the bankrupt's estate among the secured lien claimants in the admiralty action, it is not necessary to pass upon the application of Sections 3017 and 3019 of the California Civil Code.

Accordingly, it is ordered that judgment be entered in favor of defendant upon preparation of findings of fact and conclusions of law.