### In the Matter of Jack Buford MOSHER, Bankrupt.

### No. 68–H–20.

United States District Court,
S. D. Texas,
Houston Division.

Oct. 6, 1976.

Douglas H. Chilton, Shirley, Chilton & Shirley, Texas City, Tex., for petitioner.

Robert C. Maley, Jr., Sheinfeld, Maley & Kay, Houston, Tex., for Trustee.

## MEMORANDUM AND ORDER

NOEL, District Judge.

This bankruptcy case is before the Court on Mainland Bank's Petition for Review of Turnover Order entered by the Referee in Bankruptcy on October 2, 1970. The Petition for Review was filed on October 26, 1970, but before the record on appeal was transmitted to this Court, a Petition for Rehearing by the Referee was filed on November 4, 1970. The Referee denied the Petition for Rehearing on May 19, 1975 and transmitted the record on appeal to the Clerk of this Court on July 24, 1975. The appeal became ripe for disposition by this Court on August 6, 1976 upon the completion of additional briefing by the parties.

The Petition for Review relates primarily to the Referee's holding that the Bankruptcy Court had summary jurisdiction over the turnover proceeding. The Referee found that petitioner, Mainland Bank (hereinafter referred to as the Bank) had consented to the Bankruptcy Court's summary jurisdiction by failing to interpose a timely objection by answer or motion to the exercise of such jurisdiction by the Referee. *See* § 2(a)(7) of the Bankruptcy Act. The facts underlying the turnover proceeding are sufficiently summarized in the Referee's Memorandum of September 22, 1970.

The first point of error raised in the Petition for Review is that "the Referee erred in concluding that the Petitioner's objections to the jurisdiction of the Bankruptcy Court were not well founded." By this assignment of error, the Bank contends that its timely filed Plea to the Jurisdiction and Original Answer,[1] when considered together with the Trustee's Application to Compel Turnover, was sufficient to put in issue the summary jurisdiction of the Bankruptcy Court.

The Trustee in bankruptcy was appointed by the Referee on March 14, 1968 to assume control of the bankrupt's estate. In furtherance of his duty to protect the bankrupt's estate, the Trustee on February 17, 1970 filed an Application to Compel Turnover against the Bank, seeking to obtain certain personal property allegedly in the possession of the Bank but belonging to the bankrupt's estate. The Bank argues that the Trustee had the burden of pleading in his Application to Compel Turnover the grounds of the Bankruptcy Court's summary jurisdiction, and therefore the Bank sufficiently objected to summary jurisdiction by simply denying the allegations of the Application.

The Bank, however, misconceives the nature of summary jurisdiction over controversies in bankruptcy proceedings. The principal ground for summary jurisdiction is that the controversy concerns property that was in the actual or constructive possession of the bankrupt, at the time of the filing of the petition in bankruptcy. The unusual feature of summary jurisdiction in bankruptcy proceedings is that summary jurisdiction may be conferred by the consent of the parties, even if the controversy pertains to property that was not in the possession of the bankrupt, and no other ground of federal subject matter jurisdiction exists. 2 Collier on Bankruptcy ¶ 23.04. And furthermore this consent need not be express, but will be implied from the mere

---

1. The Plea to the Jurisdiction and Original Answer was filed on March 10, 1970 within the time limit set by the Referee's Show Cause Order of February 17, 1970 for the filing of an answer.

failure of the defendant to interpose an objection to the exercise of summary jurisdiction by the Bankruptcy Court within the time prescribed for the filing of an answer. § 2(a)(7) of the Bankruptcy Act. Thus, contrary to the argument of the Bank, by virtue of this rule of implied consent the burden is upon the party opposing the Bankruptcy Court's summary jurisdiction to not only deny that the bankrupt had possession of the property in question, but also to expressly object to the exercise of summary jurisdiction in a timely filed pleading.

In its original pleading in this case, the Bank failed to raise an objection to the Bankruptcy Court's summary jurisdiction. The Bank did contend in its original answer that by virtue of the intervention of the bankruptcy Trustee in a pending state court suit involving the same property as was sought in the turnover proceeding in Bankruptcy Court "that under the doctrine of comity . . . the Trustee is estopped to proceed further in this Court." Due to its obscurity it is difficult to discern whether the Bank was attempting to raise the affirmative defense of collateral estoppel, or was arguing that the state court had acquired exclusive jurisdiction over the controversy and thereby ousted the Bankruptcy Court of jurisdiction. The latter alternative will be considered in connection with the Bank's third assignment of error. It is sufficient for present purposes to note that the Bank did not state that it objected to the Bankruptcy Court exercising summary jurisdiction over the turnover proceeding in the event that the Bank's "comity-estoppel" theory was rejected. *See Pasadena Investment Co. v. Weaver,* 376 F.2d 175, 177 n. 1 (9th Cir. 1967). Accordingly, the Court concludes that the Bank's first assignment of error is without merit.

In its second point of error the Bank contends that the Referee erred in holding that its Amended Plea to the Jurisdiction filed on March 16, 1970 was untimely, and in refusing to consider the Amended Plea's defense of lack of jurisdiction based on the contention that a state court obtained exclusive jurisdiction of the property in ques-

tion upon the filing of a deficiency suit in state court by the Bank against Mosher on January 9, 1968. The Bank argues that the Federal Rules of Civil Procedure and the Bankruptcy Act permit a litigant to raise the issue of bankruptcy court jurisdiction in an amended pleading and that the amendment relates back to the date of the original pleading. A chronology of the relevant events will be helpful in evaluating this argument.

On February 17, 1970 the Trustee filed an Application to Compel Turnover. On the same day the Referee entered a Show Cause Order, requiring the Bank to file an answer by March 10, 1970 and setting the matter for a hearing on March 16, 1970. The Bank was served with the Application and Show Cause order on February 21, 1970. The Bank filed its Original Answer on March 10, 1970 and then on March 16, 1970, the date of the hearing, filed the amended pleading which the Referee refused to consider.

It is clear that the amended pleading was improperly filed by a clerk in the Bankruptcy Court. Rule 715 of the Bankruptcy Rules, which codified prior bankruptcy practice (see Advisory Committee's Note to Rule 715), provides that "a pleading to which no responsive pleading is permitted may be amended as a matter of course at any time within 15 days after it is served *but before the date set for trial.*" (emphasis supplied). Since the Bank did not seek to file its amended pleading before the date set for the turnover hearing, the amended pleading could be properly filed only upon obtaining leave of the Referee. Since the amended pleading was improperly filed without obtaining his leave, the Referee's refusal to consider it was proper because the Referee could have struck the amended pleading from the record. *See In re Read-York,* 152 F.2d 313 (7th Cir. 1945); *cf. In re Los Angeles Trust Deed & Mortgage Exchange,* 464 F.2d 1136 (9th Cir. 1972).

Even if the amended pleading were deemed to have been timely filed, the defense or objection added by the amended pleading is so vague that it could hardly be

said to have raised an objection to the Bankruptcy Court's summary jurisdiction. After alleging that the Bank filed a deficiency suit in state court against Mosher before Mosher filed his voluntary petition in bankruptcy, the amendment goes on to allege that:

> . . . the parties in this suit and the former suit are the same, and not other or different persons, that the alleged transactions, cause of action, claim, subject matter and issues in this and in the suit now pending in the 56th Judicial District Court are the same, and not different, and that the suit brought in the 56th Judicial District Court and prosecuted against this bankrupt by the Mainland Bank is still pending in the Court aforesaid. . . . Wherefore, Respondent prays judgment of the Court, that he go hence without day, and recover of the Trustee all costs in his behalf expended.

The amendment does not state what effect the Bank contends the pending state court suit should have on the turnover proceeding in Bankruptcy Court. The amendment could possibly be deemed to have raised the affirmative defenses of *res judicata* and collateral estoppel. The one thing that can be said with confidence about the amendment is that it does not mention summary jurisdiction, nor does it in any way object to the exercise of summary jurisdiction by the Bankruptcy Court. In fact it appears to invoke the jurisdiction of the latter by praying for judgment for the Bank. Accordingly, even if the Referee erred in refusing to consider the Bank's amended pleading, that error was harmless because the amended pleading does not raise an objection to summary jurisdiction sufficient to preclude the conferring of summary jurisdiction by consent under § 2(a)(7) of the Bankruptcy Act.

■ Although this Court is of the opinion that any objection to the Bankruptcy Court's summary jurisdiction has been waived by the Bank's failure to file a timely objection, this Court is also of the view that an objection that the Bankruptcy Court has been ousted of jurisdiction because of the exclusive jurisdiction of a state court over the same property that is the subject of the bankruptcy proceeding is non-waivable. In its second assignment of error the Bank contends that exclusive jurisdiction of the personal property sought by the Bankruptcy Trustee in this turnover proceeding was vested in the 56th Judicial District Court of Galveston County, Texas by virtue of a deficiency suit [2] filed by the Bank against Mosher on January 9, 1968. The Bank points out that Mosher was served with citation in the state court suit (Cause No. 105,490) on February 14, 1968, two weeks before Mosher filed his voluntary petition in bankruptcy.

■ It is well-established that the effect of a pending state court suit on a subsequently filed federal court suit turns on whether the state court suit is an *in personam* or *in rem* action.

> Where a suit is strictly in personam, nothing more than a money judgment being sought, there is no objection to a concurrent action in another jurisdiction, although the same issues are being tried.

*Byrd-Frost, Inc. v. Elder,* 93 F.2d 30, 32 (5th Cir. 1937). *See also Kline v. Burke Construction Co.,* 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922). Moreover, it is clearly established in the Fifth Circuit that an *in personam* judgment obtained in a state court suit pending at the time the bankruptcy proceedings were instituted does not bind a trustee in bankruptcy on either *res judicata* or collateral estoppel grounds where the trustee was not made a party to the state court suit nor directed by the bankruptcy court to defend it. *See, e. g., Coleman v. Alcock,* 272 F.2d 618, 621–22 (5th Cir. 1959); *Rhodes v. Elliston,* 29 F.2d 737, 738 (5th Cir. 1928). Thus, a prior filed state court *in personam* action will not deprive a federal bankruptcy court of jurisdiction over a proceeding involving the same issues nor will a prior state court *in person-*

---

**2.** Exhibit "A" to the Bank's First Amended Plea to the Jurisdiction and Original Answer is a copy of "Plaintiff's Original Petition" filed in this suit.

am judgment operate as a *res judicata* bar against the bankruptcy trustee.

■ The only remaining question with respect to the effect of the prior filed state court deficiency suit is whether that suit was an *in personam* or *in rem* action. The question almost answers itself. It is black letter law that a suit brought to collect a deficiency after a foreclosure sale is an *in personam* action, which accrues, if at all, as a result of the personal liability of the defendant on the note that is usually given the mortgagee along with the mortgage. *See Farmers' & Merchants' State v. Cameron*, 203 S.W. 1167, 1168 (Tex.Civ.App. El Paso 1918), *aff'd*, 231 S.W. 738, 740–41 (Tex. Comm'n App.1921, judgment adopted); *Greenway v. De Young*, 34 Tex.Civ.App. 583, 79 S.W. 603 (1904, writ ref'd); 39 Tex. Jur.2d, Mortgages and Trust Deeds, § 206 at 268. *Clark v. Mutual Lumber Co.*, 206 F.2d 643 (5th Cir. 1953), cited by the Bank, is inapposite because that case involved a foreclosure suit rather than a deficiency suit brought after a nonjudicial foreclosure as is the case here. Therefore, the Court concludes that the pendency of Cause No. 105,490 in state court did not deprive the Bankruptcy Court of jurisdiction over the turnover proceeding and that the Bank's second assignment of error is without merit.

By its third assignment of error the Bank raises the issue that the Bankruptcy Court was ousted of jurisdiction because

[t]he Trustee voluntarily entered his appearance in Cause No. 107,664 in the 56th Judicial District Court of Galveston County in a suit seeking money damages for the alleged wrongful conversion of all of the property sought by this Turnover Proceeding.

Cause No. 107,664 was a suit filed by Mosher against the Bank in December of 1969, over a year after Mosher had been adjudged a bankrupt and a trustee in bankruptcy appointed for his estate in March of 1968. The Trustee intervened in Cause No. 107,664 on February 20, 1970, three days after he had filed the Application to Compel Turnover in Bankruptcy Court.

■ The Trustee's intervention in Cause No. 107,664 did not oust the Bankruptcy Court of jurisdiction for the following reasons. First, if Cause No. 107,664 was merely a suit for money damages for conversion, as alleged by the Bank in its Petition for Review, then it was clearly an *in personam* action. As set forth in the discussion of the effect of the pendency of Cause No. 105,-490, *supra*, the pendency of a state court *in personam* suit cannot deprive a federal court of jurisdiction, even if the suit in federal court involves the same issues. Although the Court recognizes that any judgment obtained in Cause No. 107,664 would be binding upon the Trustee due to his intervention in that suit, it should be noted that the question of the *res judicata* or collateral estoppel effect of any such judgment was not raised in the Petition for Review and therefore is not before the Court.

■ Secondly, although the Bank argues in its brief that Cause No. 107,664 was an *in rem* action, the evidence contained in the appellate record does not support this assertion. The Court is of the view that the burden was on the Bank to establish the nature of any state court suit which the Bank sought to avail itself of as a defense to the Bankruptcy Court's jurisdiction. The Bank has wholly failed to carry this burden.

■ Thirdly, Cause No. 107,664 was filed by Mosher after he had been adjudged a bankrupt, and a trustee had been appointed and assumed control of his estate. Unlike a situation where a bankrupt files a suit after the petition in bankruptcy has been filed but before a trustee has been appointed, Mosher wholly lacked capacity to file Cause No. 107,664. Thus, the filing of Cause No. 107,664 could not possibly have deprived the Bankruptcy Court of jurisdiction. *See Hyman v. McLendon*, 140 F.2d 76, 79 (4th Cir. 1944). Additionally, since the Trustee's intervention in Cause No. 107,664 came three days after the institution of the turnover proceeding in Bankruptcy Court, it would appear to the Court that if the jurisdiction of the state court and the Bankruptcy Court were mutually

exclusive, the jurisdiction of the Bankruptcy Court would have vested prior to and exclusive of the state court jurisdiction. *Cf. Isaacs v. Hobbs Tie & Timber Co.,* 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645 (1930).

And fourthly, the Referee's rejection of the doctrine of comity with respect to Cause No. 107,664 is supported by the fact that a turnover proceeding involves a cause of action different from a suit for conversion. *See* 2 Collier on Bankruptcy, ¶ 23.10 at 565, n. 15 and cases cited therein. A turnover proceeding is essentially a suit for restitution rather than an action for damages, *Maggio v. Zeitz,* 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1965). Unlike an action for damages for conversion wherein the plaintiff can recover not only the fair market value of the converted chattel but also damages for the loss of use of the chattel between the date of conversion and judgment, in a turnover proceeding the trustee can merely recover the chattel itself or any identifiable proceeds from the sale of the chattel. *See In Re 671 Prospect Avenue Holding Corp.,* 118 F.2d 453 (2nd Cir. 1941). Therefore, since the Bank has alleged in its pleadings before the Referee as well as in its Petition for Review before this Court that Cause No. 107,664 was an action for conversion, it is apparent that Cause No. 107,664, involving a cause of action entirely different from the claim asserted in the turnover proceeding, could not possibly have ousted the Bankruptcy Court of jurisdiction over the turnover proceeding.

The fourth and final assignment of error by the Bank is that the Referee erred "in finding that the conditions of the release agreement had been met and that the release agreement was self executing". The Court's function in reviewing these findings of fact is limited to the sole inquiry of whether the appellate record reveals the findings to be clearly erroneous. *See* Bankruptcy Rule 810 and General Order 47.

The Bank has failed to point to anything in the appellate record which would indicate that the Referee's findings were clearly erroneous. Likewise, the Bank has failed to convince the Court that the Referee incor-

rectly applied the law to the facts as he found them. Accordingly, the Court concludes that the fourth assignment is without merit.

For the foregoing reasons, it is ORDERED, ADJUDGED, and DECREED that the Bankruptcy Referee's Turnover Order of October 2, 1970 be, and the same hereby is, AFFIRMED.

Costs are taxed against petitioner Mainland Bank.